## O'Neil v. Schaar.

1. PRACTICE—*Appellate Court Records—Clerk's Certificate.*—It is a
reasonable conjecture that nothing more is of record in the court below
than is recited in the certificate of the clerk. Unless a full copy of the
record is before the court, the action of the court below can not be re-

viewed and the only evidence of such fact is by the certificate of the clerk.

Memorandum.—Creditor's bill.    Order appointing a receiver.    Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.    Heard in this court at the March term, A. D. 1893, and affirmed.    Opinion filed April 6, 1893.

The statement of facts is contained in the opinion of the court.

EDWARD H. MORRIS, attorney for appellant.

APPELLEE'S BRIEF, WEIGLEY, BULKLEY & GRAY, ATTORNEYS.

In the absence of a complete record, this court is bound to indulge in every reasonable presumption in favor of the regularity of the proceedings below.    Gordon v. Gordon, 25 Ill. App. 311; Atkinson v. The Linden Steel Co. et al., 35 Ill. App. 448.

OPINION OF THE COURT, GARY, P. J.

This is an appeal under the act of June 14, 1887, from an order appointing a receiver.

The record is certified " to be a true, perfect and complete copy of a certain creditor's bill, filed December 30, 1892, two certain orders made and entered of record on the 30th day of December, 1892, and the 7th day of January, 1893, respectively and a certain appeal bond filed January 11, 1893, in" this cause.    It is a reasonable conjecture that nothing more is of record below than is recited in the certificate of the clerk, but that is not enough.    Unless a full copy of the record is before us we can not review the action of the court below, and the only mode of showing us that we have such full copy is by the certificate of the clerk.    Atkinson v. Linden, 35 Ill. App. 448, and cases there cited; Alling v. Wenzell, 46 Ill. App. 562.

There may have been other evidence of the truth of the bill than the defective verification of it, which is like that secondly copied on page 253 in Heffron v. Rice, 40 Ill. App. 244.

The order appealed from is affirmed.