IGNATZ DEIMEL

*v.*

THOMAS PARKER, Jr.

*Filed at Ottawa January 19, 1897.*

1. APPEALS AND ERRORS—*evidence presumed to sustain master's conclusions when not preserved in transcript.* The conclusions of the master will be presumed, on appeal, to have been fully sustained by the evidence where the transcript fails to preserve any of the evidence on which they are based.

2. SAME—*decree presumed correct in the absence of a sufficient record.* A decree will be sustained, on appeal, where the appellant fails to bring up enough of the record to present the questions he desires to have reviewed as they were presented to the trial court.

3. SAME—*material parts of record must be shown to have been transcribed.* The Supreme Court cannot properly consider any question arising upon the record unless a complete record of the cause is before it, or it is shown in some approved manner that the transcript contains all parts of the record material to a consideration of the questions presented.

*Deimel* v. *Parker*, 59 Ill. App. 426, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. C. COLLINS, Judge, presiding.

DUNCAN & GILBERT, for appellant.

MORAN, KRAUS & MAYER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

We are of the opinion that the Appellate Court decided correctly in holding the transcript of the record of the circuit court insufficient to determine, on appeal, the questions raised and discussed by appellant. One John Deimel filed his bill in equity in the circuit court of Cook county to dissolve the co-partnership between himself and Rudolph and Joseph Deimel, alleging mismanagement and insolvency, and praying for adjustment of its

affairs, dissolution, appointment of a receiver, a ratable distribution of its assets among its creditors, and for other relief. Rudolph and Joseph Deimel answered admitting the allegations of the bill, and a decree was entered in accordance with the prayer of the bill. The cause was referred to the master to state the account and receive proofs of claims, etc., and it was ordered that claims might be filed with said master on or before April 1, 1890, and that the master should have power to fix the time, place and mode of proving claims with him, subject to the orders and directions of the court.

The transcript of the record filed in the Appellate Court and in this court is a mere fragment of the record of the cause in the circuit court, and contains none of the evidence taken before the master and reported to the court, and although the master's report disallowing the claim of Ignatz Deimel against the firm makes reference to a former report to the court in the cause and specific reference to the evidence upon which he based his conclusions, we are left to mere conjecture as to the contents of such former report and as to the facts upon which the master's conclusion was based. Appellant excepted to the master's report, and took his appeal from the decree overruling his exceptions and confirming the report disallowing his claim, and his purpose on this appeal seems to be to test the formal sufficiency of the report, regardless of the question whether it was sustained by the evidence or not. Without considering whether such formal sufficiency could be determined in the manner attempted, (see *Tyler* v. *Simmons*, 6 Paige, 127), we think the report was sufficiently definite in its references to the evidence upon which it was based, so far as we can tell from the record as presented to us, and in the absence of the evidence from the record here we must assume that it fully sustained the master's conclusions.

Counsel for appellant say, in substance, that there were thousands of pages of testimony taken in the cause

having no relation to the claim of appellant, and that it would have been a useless encumbrance of the record and a burdensome expense to appellant to bring up the entire record. It is sufficient here to say that appellant did not bring up so much of the record as relates to appellant's claim, but omitted all of the evidence tending to support or defeat it, hence we are not called upon to decide the question urged by counsel as to whether or not, in such a case, it is necessary for appellant to bring up a complete record of the entire cause. In any view of the rule, he must bring up enough of the record to present to this court the question he desires reviewed as it was presented to the trial court. The first report made by the master upon this claim was set aside as being imperfect and irregular, because the merits of the claim could not be determined by the court from the report and evidence therein referred to, and the master was directed to permit a rehearing upon the evidence theretofore taken and upon such further evidence as either party might introduce, and he was also directed to report his conclusions, and to specify particularly the evidence heard and considered by him upon the hearing of said claim. This he did. The evidence was before the court. How can we say whether it supports the conclusions of the master or not, unless it is before us?

We cannot agree with appellant that in so far as the master states the ultimate facts in his report they do not support his conclusions as to the part of the claim to which they relate. If embodied in the decree they would have supported the decree, if such a decree required support. (See *Ryan* v. *Sanford*, 133 Ill. 291.) As was said in *Bertrand* v. *Taylor*, 87 Ill. 235: "This court cannot properly consider any question arising upon the record unless we have a full record before us, or it is made known to us in some approved manner that the transcript contains all parts of the record material to the question submitted to us for decision." (See, also, *Van Meter's Heirs* v. *Lovis'*

*Heirs*, 29 Ill. 488; *Miller* v. *Whittaker*, 33 id. 386; *Culver* v. *Schroth*, 153 id. 437.) If appellant had incorporated in the transcript all the evidence upon which the master based his conclusions which were confirmed by the trial court, and this had been made to appear to us in some approved manner, we could then answer the question propounded by counsel, whether an appellant must obtain a complete record, containing many thousands of pages of matter wholly irrelevant to his contention, when a very few pages would constitute a complete record in respect to the question to be reviewed on appeal.

Finding no error the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*