# E. Seneff v. Olivet Baptist Church.

1. Appellate Court Practice—*Presumptions in the Absence of a Complete Record.*—In the absence of a complete record this court will presume that a sufficient showing was made in the court below to warrant the granting of the order for an injunction with bond and without notice.

**Order for an Interlocutory Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. Charles G. Neely, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed June 14, 1900.

James H. Hooper, attorney for appellant.

Edward H. Morris, attorney for appellee.

Mr. Presiding Justice Sears delivered the opinion of the court.

This is an appeal from an interlocutory order. The record brought up was prepared as per *præcipe*, and contains merely the parts ordered, which are a cross-bill of appellee, amendment to cross-bill, injunction order, and appeal bond. The injunction order, from which this appeal is prosecuted, is a temporary order restraining the prosecuting of a suit at law.

The grounds upon which appellant seeks to have this order reversed are, first, that no good cause was shown to the chancellor for issuing the injunction without bond; secondly, that the order was granted without notice to appellant; and thirdly, that the cross-bill does not show a case which warrants the issuing of this order, because, it is urged, appellee has complete remedy at law.

Upon the incomplete record presented, we are unable to determine what affidavits, if any, were presented in support of the motion for this restraining order. It is contended by counsel for appellee in argument that appellant's counsel had notice of the application, and was present to resist

the allowing of the order. Appellant's counsel contend that there was no notice. The record supports neither contention. In the absence of a complete record, we must presume that a sufficient showing was made to warrant the chancellor in granting the order without bond and without notice, if no notice was in fact given, and if counsel for appellant was not present at the hearing of the motion. The record should be complete or should show that it presents all matters material to the questions submitted. Bertrand v. Taylor, 87 Ill. 235; Deimel v. Parker, 164 Ill. 627; O'Neill v. Schaar, 50 Ill. App. 308.

The original bill of complaint is not presented by the record. We presume that it would disclose that appellee, by reason of it, had the right to present the matters of the cross-bill, irrespective of any remedy it might have at law.

The rule of court which permits the practice of directing by *præcipe* what part of the record shall be brought up, does not avail appellant. It is true that appellee might have brought up a supplemental record. But it was not obligatory where the presumption, in the absence of a complete record, would aid the decree, and when a complete record was essential to the consideration of appellant's contention.

We are not disposed to search for other grounds for questioning the sufficiency of the cross-bill, which are not raised by the briefs of counsel. The order is affirmed.