## Frank H. Atwood v. John H. Whittemore.

1. RES ADJUDICATA—*A Decision on a Writ of Error by Part of the Defendants, When Not, as to a Decision on a Writ by the Other Defendants, etc.*—Proceedings under a writ of error by a part of the defendants in a foreclosure proceeding to review an order allowing certain claims and disallowing others for expenditures by the receiver and not bringing up for review the final decree, can not be considered as *res adjudicata* to a writ of error afterward prosecuted by other defendants to review the final decree in the same cause.

2. ATTORNEY'S FEES—*In Foreclosure Suits, in the Absence of a Contract.*—In the absence of a statutory provision, the entire matter of decreeing an allowance of any sum as solicitor's fees in a foreclosure proceeding to be allowed and paid out of the proceeds of the sale, rests solely upon contract, and in the absence of a contract no such allowance can be made.

3. CHANCERY PRACTICE—*Objections by Parties Not Appearing Before the Master, and Objecting to His Report.*—The fact that a party defendant in a foreclosure proceeding did not appear before the master and object to the report does not operate to preclude him from insisting, in the Appellate Court, that the decree is not supported by the allegations of the bill of complaint.

**Bill of Foreclosure.**—Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1900. Reversed in part and remanded. Opinion filed March 25, 1901.

Statement.—Defendant in error filed his bill of complaint against plaintiff in error and others to foreclose a trust deed upon real property in Cook county. The defendants, including plaintiff in error, were all defaulted and the bill was taken *pro confesso.* A reference was ordered to a master in chancery to take proofs and report. The trust deed provided that in the event of a sale of the mortgaged premises upon a foreclosure, there should be paid out of the proceeds of such sale, *inter alia,* $100 attorney's and solicitor's fees.

By another provision of the trust deed it is covenanted that " said grantor shall pay all costs and attorney's fees incurred or paid by said grantee, or the holder or holders of said note, in any suit in which either of them may be plaintiff or defendant, by reason of being a party to said trust deed, or a holder of said note, and that the same shall be a lien on said premises, and may be included in any decree ordering the sale of said premises, and taken out of the proceeds of any sale thereof." Evidence was presented before the master to show that a reasonable allowance for solicitor's fees in this suit, *i. e.,* the foreclosure suit, would be $500. No evidence was offered to show that any costs or attorney's fees were incurred or paid by defendant in error in any suit other than this foreclosure suit. The bill of complaint does not contain any allegation of any costs or attorney's fees incurred or paid by defendant in error in any other suit.

Upon the coming in of the master's report the chancellor entered a decree by which it was ordered, *inter alia,* that from the proceeds of the sale the sum of $500 should be paid as solicitor's fees.

The record first filed in this court in this proceeding was prepared as directed *per præcipe* and does not show the reference to a master in chancery nor his report of evidence heard. An order entered in the cause here, permitted the records heretofore filed upon review of another branch of the same suit, to be filed as part of the record in this cause. The former record was of an order disposing of

funds in the hands of a receiver appointed in the cause. The writ of error then prosecuted brought up for review only the one order, viz., an order allowing certain and disallowing other claims of expenditure by the receiver; it did not bring up for review the final decree in the foreclosure proceeding. Atwood v. Knowlson, 91 Ill. App. 265.

The writ of error now prosecuted brings for review the final decree in the foreclosure suit and seeks a reversal of that part only which ordered the payment of $500 out of the proceeds of the sale for attorney's and solicitor's fees.

JOHN C. WILSON and GRANT FOREMAN, attorneys for plaintiff in error.

GEO. W. BROWN and EDWARD F. GORTON, attorneys for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

It is urged by counsel for defendant in error that this writ of error will not lie to review the decree in question, because a former writ of error was prosecuted in this court to review a part of the proceedings in the same cause.

Without reference to the lack of a plea of *res adjudicata* to this writ of error and treating the question as if properly presented by plea or appropriate motion, it is apparent that the contention is not tenable. The defendant in error here was not a party to the writ of error first sued out. It was prosecuted to review only an order of the court disposing of certain funds collected by a receiver appointed in the suit, and upon that writ of error as between the parties thereto, viz., plaintiff in error and the receiver, the question now presented could not have been raised or determined.

We have, then, only to inquire as to the propriety of that part of the final decree which is now attacked, viz., the allowance of $500 as solicitor's fees.

The order can not be justified under the general provision of the trust deed for payment by the grantor, plaintiff in error, of all costs and attorney's fees incurred or paid by the grantee, defendant in error, in any suit in which he has

been plaintiff or defendant by reason of being a party to the trust deed or holder of the note, for it is apparent that this provision has relevancy only to suits other than a suit to foreclose the mortgage, the solicitor's fees in the latter, *i. e.,* the foreclosure suit, being specifically provided for elsewhere in the trust deed.   There is no evidence to show that defendant in error has paid or incurred any liability for attorney's fees in any suit other than in this foreclosure suit.   And, disregarding the evidence, the question is settled by the lack of any allegation in the bill of complaint that defendant in error has paid or incurred any sum whatever for such attorney's fees.   If the decree be treated as resting upon this provision of the trust deed, it would lack support in any allegation of the bill of complaint.   Therefore we must regard the decree allowing solicitor's fees as based upon the provision of the trust deed that solicitor's fees for the foreclosure proceeding be paid out of the proceeds of a sale in case of foreclosure.   But this provision is limited to the sum of $100.

In the absence of statutory provision, the entire matter of decreeing an allowance of any sum as attorney's or solicitor's fees in the foreclosure proceeding, to be paid out of the proceeds of foreclosure sale, rests solely upon contract. In the absence of any contract for such allowance, it could not be made.   2 Jones on Mortgages (2d Ed.), 1606; Constant v. Matteson, 22 Ill. 546; Eimer v. Eimer, 47 Ill. 373; Cornwell v. McCowan, 53 Ill. 363; Hutchinson v. Hutchinson, 152 Ill. 347; Stover v. Johnnycake, 9 Kan. 367.

Here there is in the contract of the parties, as expressed in the trust deed, a provision that solicitor's fees in a proceeding to foreclose the trust deed may be allowed and ordered paid out of the proceeds of a sale, to the extent of one hundred dollars.   There is no provision for an allowance of any greater sum.   Therefore the decree can not be sustained in so far as it allows the sum of $500 as solicitor's fees and orders the same to be paid out of the proceeds of the foreclosure sale.

The fact that plaintiff in error did not appear before the

master and object to the report, does not operate to preclude him from now insisting that the decree is not supported by the allegations of the bill of complaint. Gault v. Hoagland, 25 Ill. 266; Martin v. Hargardine, 46 Ill. 322; Hannas v. Hannas, 110 Ill. 53.

The decree is reversed in so far as it orders the payment of $500 as solicitor's fees, and the cause is remanded. Reversed in part and remanded.