## John Gunzenhauser, Impleaded, etc., v. William D. Henke.

1. FORECLOSURE—*Allowance of Solicitor's Fees.*—The allowance as solicitor's fees for the carrying on of a suit in foreclosure to be paid out of the sum realized from the sale, is a matter resting entirely upon the contract of the parties as contained in the instrument being foreclosed and is limited to the amount specified in such contract.

2. SAME—*Not to be Controlled by General Clauses.*—Where the contract expressed in the instrument being foreclosed, for the allowance of solicitor's fees provides for the allowance of the sum of $100 only, and another and different clause provides for the allowance of all costs and attorney's fees incurred or paid by the holder of the instrument or the notes secured by it in any suit in which either of them may be plaintiff or defendant by reason of being a party to the trust deed or holder of the notes, it is the specific provision for solicitor's fees which governs and not the general one as to expenses incurred in other suits.

Foreclosure of Trust Deed.—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this

court at the October term, 1900.    Affirmed in part and reversed in part.
Opinion filed October 10, 1901.

RUNYAN & RUNYAN, attorneys for appellant.

JULIUS & LESSING ROSENTHAL, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

This suit is to foreclose a trust deed in the nature of a mortgage upon real estate. The cause has proceeded to a final decree of foreclosure and sale, from which decree this appeal is prosecuted. The only complaint of appellant, who is the owner of the equity of redemption in the mortgaged land, is that the decree provides for the payment out of the funds realized from the foreclosure sale, the sum of $625 as solicitor's fees, to which the complainant's solicitors are found to be entitled for services in the foreclosure proceeding. The contract expressed in the trust deed for allowance of solicitor's fees upon a foreclosure of the same provides for the allowance of $100 only.

Another and different provision of the trust deed is for the allowance of all costs and attorney's fees incurred or paid by the grantor in the trust deed or the holder of the notes secured, in any suit in which either of them may be plaintiff or defendant by reason of being a party to the trust deed or holder of the notes. It is plain that the former specific provision for solicitor's fees in the foreclosure suit governs here, and not the general provision as to such expenses incurred in other suits. Atwood v. Whittemore, 94 Ill. App. 294; and Loughridge v. Podrasnik, 9642 of this court, not reported.

In Atwood v. Whittemore, *supra*, we held that the allowance of a sum as solicitor's fees for the carrying on of the foreclosure suit, to be paid out of the sum realized upon foreclosure sale, was a matter resting entirely upon the contract of the parties and limited by such contract.

In Loughridge v. Podrasnik, *supra*, this doctrine was re-asserted.

We regard these decisions as applying and governing in this appeal.

The decree is therefore reversed to the extent of $525 of the sum allowed as solicitor's fees, and in all other respects it is affirmed. The costs of this appeal are adjudged against the appellee. Affirmed in part and reversed in part.