## Thomas Brown et al. v. Theodore H. Schintz, Trustee, et al.

1. APPELLATE COURT PRACTICE—*Sufficiency of the Transcript of Record.*—Where, in a case pending for determination in this court, the transcript of the record is not complete as to the whole case, but fully and fairly presents all the matters material and necessary for a decision of the questions involved under the assignment of error, it is sufficient.

2. SAME—*When the Appellant Can Not Complain of a Decree.*—

A defendant in the court below, when appellant in this court, can not complain because the relief granted in the decree against him was not all that was asked for in the bill.

3. Same—*Sufficiency of the Certificate of Evidence.*—In the Appellate Court, where legal questions alone are to be raised, it is sufficient if it appears by the certificate of the judge that evidence tending to support the issues was heard by him.

4. Banks and Banking—*Contract Between a Depositor and His Banker.*—By the universal consent of the commercial world it is the contract between a depositor and his banker that the banker when he receives a deposit shall pay it out on the presentation of the depositor's checks, in such sums as his checks may call for, and to the person presenting them, and the banker agrees with the whole world, that whoever shall become the owner of such a check shall, upon its presentation, be entitled to receive the amount specified in such check, provided the drawer shall at the time have the amount on deposit.

5. Same—*What is a Reasonable Time for the Presentation of Checks for Payment.*—A reasonable time in which a check must be presented and payment demanded of the bank upon which it is drawn, where all parties to the check reside or are located in the same city, is until the close of banking hours on the next day after the delivery of such check.

6. Checks—*A Loss is Necessary to Discharge the Drawee.*—The general rule is, that to discharge the drawee of a check because of delay in its presentation for payment, a loss to him must be shown.

7. Estoppel—*Of a Party to Dispute a Decree.*—Where an order of a court recites on its face that it was entered on the petition of a receiver and with the consent of all the parties in interest, the parties affected by the order when appellants in the Appellate Court, are estopped to dispute it.

8. Receivers—*Power to Mortgage Property.*—Although it is unusual for a receiver to give a mortgage to secure money loaned to him, the power to mortgage is in principle the same as the power to issue his certificates and make them a first lien upon the property.

Foreclosure.—Error to the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 26, 1901.

Statement.—This suit in error attacks the propriety of a decree entered in favor of the defendants in error, Huber and Mann, as holders and owners of certain notes made by Thomas Brown and secured by trust deeds executed by himself and wife to Theodore H. Schintz.

The principal notes aggregated $3,200, and were respectively for $2,500 (owned by Huber), and $700 (owned by Mann), and represented the amount of what is called a

building loan agreed to be made by Schintz to Brown, on which Schintz was to advance the money as the building progressed.

The only money ever advanced by Schintz on either of the notes, was on July 16, 1897, on which date Schintz made and delivered to Brown his two bank checks for $1,075 and $125 respectively, payable to the order of Brown. These checks were received by Brown, and by him indorsed over and delivered as payment to certain contractors who were putting up the building for him. These contractors indorsed and delivered the checks over as payment to certain sub-contractors.

The date of the making and delivery of the checks to Brown, and by him to the contractors, and by the contractors to the sub-contractors, July 16, 1897, occurred on Friday, but they were not presented to the bank on which they were drawn, until Monday, July 19, 1897, when they were refused payment, because Schintz had already, on that day, made an assignment in the County Court of Cook County, of which the bank had notice.

It was conceded that Schintz had a checking balance of about $2,000 on deposit in said bank at the close of banking hours on Saturday July 17, 1897, and for several days prior thereto, and that if said checks had been seasonably presented at the bank they would have been paid.

ALBION CATE, attorney for plaintiffs in error.

IVES, MASON & WYMAN, attorneys for defendants in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The sufficiency of the transcript of record filed herein, for the purpose of a review of the decree, is first attacked by the defendants in error, and numerous early decisions by this court have been referred to in support of the contention.

The transcript constitutes what is commonly called a *praecipe* record. It was made and certified by the clerk in accordance with a *praecipe* filed by counsel for the plaint-

iffs in error, and probably omits many matters and pro-
ceedings of the original suit that are not necessary or
material to the questions involved in this error suit.   In so
far as any of our former decisions hold or seem to hold that
the lack from the transcript of everything that was of
record in the suit in the court below, constituted a suffi-
cient ground for affirming the decree, they are no longer
approved.

Although the transcript of record is not complete as to
the whole case, yet if it fully and fairly presents all matters
material and necessary for a decision of the questions
involved, under the assignments of error, it is enough.
Seneff v. Olivet Baptist Church, 89 Ill. App. 352;  Thomas
v. O'Brien Lumber Co., 185 Ill. 374;  Roach v. Glos, 181 Ill.
440;  Baltimore & Ohio R. R. Co. v. Gaulter, 165 Ill. 233.

The original proceedings were to enforce certain me-
chanic's liens against the premises involved.   The Browns,
Huber and Mann, and Schintz, the trustee, were made par-
ties defendant to the lien suits.   Schintz, the trustee, was
defaulted; Huber and Mann answered, and set up the two
trust deeds given to Schintz to secure the notes for $2,500
and $700 respectively, held by them, and prayed their fore-
closure.   All the lien suits were dismissed for want of
equity, and there has been no appeal or suit in error prose-
cuted therefrom.   The master in chancery, to whom the
cause was referred, reported adversely, also, to the claims
of Huber and Mann for a foreclosure of the trust deeds, but
the Circuit Court overruled the master in that respect, and
a decree was entered in favor of the trust deeds.

It is this decree that is questioned by this error suit, and
nothing else.

The only issues are between the Browns, as owners of
the property and makers of the trust deeds and notes, and
Huber and Mann, the owners and holders of the latter.   The
transcript seems to contain everything necessary to a full
understanding of the foreclosure proceedings and for a
determination by us of the errors assigned, and we discover
no occasion or propriety for anything more.   If otherwise,

we do not understand why counsel for defendants in error have not availed themselves of the opportunity to supply the omitted requisite portion of the record, afforded by the rules of this court. We regard the transcript as being sufficient for a review of all that is asked.

The transcript is next attacked because the certificate of evidence certifies only what the evidence tended to show, etc. When legal questions alone are intended to be raised it is sufficient that it appears by the certificate of the judge that evidence tending to support the issues was introduced. Johnson v. Johnson, 187 Ill. 92; Costly v. McGowan, 174 Ill. 76.

We come now to the merits of the case.

"It is, by the universal consent of the commercial world, the contract between a depositor and his banker, that the banker when he receives the deposit shall pay it out on the presentation of the depositor's checks, in such sums as those checks may call for, and to the person presenting them; and he agrees with the whole world, that whoever shall become the owner of such check, shall upon its presentation thereby become the owner and entitled to receive the amount specified in such check, provided the drawer shall at that time have that amount on deposit." Bickford v. First National Bank, 42 Ill. 238; Munn v. Burch, 25 Ill. 35; Gage Hotel Co. v. Union National Bank, 171 Ill. 531.

Such being the conceded law of this State, the question before us on the facts stated, is, was the giving of the checks by Schintz to Brown and the failure of the latter's indorsee to present them in seasonable time for payment, a good payment to Brown on the loan.

What will amount to a reasonable time in which a check must be presented and payment demanded of the drawee bank, all the parties to the check residing or being located in the same city (concededly the case here), is held to be until the close of banking hours of the next day after the giving of the check. Bickford v. First National Bank, 42 Ill. 238; Strong v. King, 35 Ill. 9.

But it is contended by plaintiffs in error that the checks

were delivered to Brown after the close of banking hours on the day they bear date, and the fact seems to be admitted by the defendant in error. Saturday was only half a bank day and Sunday was a *dies non*, and if we considered the question an open one we might yield to our impression that the delay until Monday, July 20th, in presenting the checks, was not an unreasonable one under the circumstances. Loux v. Fox, 171 Pa. St. 68.

It is said that Schintz, the drawer of the checks, is not released by the delay in their presentment because no loss has thereby been shown to have been suffered by him. The general rule is that to discharge the drawer because of delay in the presentation of checks, a loss to him must be shown. This is not pretended was the result in this case. Indeed, it is because of his own act in making the assignment that the checks were refused payment. Just how this act operated to justify the bank in refusing payment is not shown or argued. It would seem that the drawee bank was perfectly solvent (and still remains so) and held enough of Schintz' funds to pay the checks at the time they were presented, and for anything appearing still holds the same. We do not understand that the bank was discharged by the mere making of the assignment, and discover no reason in this record why it may not yet be required to pay the indorsee of the checks. But the case is argued on both sides, as if there was no liability on the part of the bank, and we will not pursue the question further.

If, however, the checks were taken as payment, and such is the finding of the court below, and they were dishonored because the bank properly refused to pay them, then they constituted a payment *pro tanto* on the loans, for which Brown should be held. He received the checks from Schintz and paid them out to his sub-contractors, just as much to all intents and purposes as though the cash had been actually delivered to him by Schintz, and by him handed over to his sub-contractors.

It is next argued that the court erred in decreeing different relief from that prayed. The decree prayed for was

a foreclosure of the trust deeds. The relief given was the establishment of the liens · of the trust deeds for the amount secured thereby, and going no further. No authorities are cited in support of or against the proposition that appellees were bound to proceed to the obtaining of the relief they had prayed, other than that the decree must conform to the prayer of the bill. We were at first inclined to attach much weight to this objection, because of the inconvenience and possible hardship to the appellants. But upon further consideration it would seem that the appellants can not complain because the relief given was not all that was asked. In Hodson v. Eugene Glass Co., 156 Ill. 397, it is said:

"Counsel for appellants also contend, that the relief granted by the decree is not as broad as the relief prayed for in the bill and recommended in the report of the master which is approved by the court. This, however, is a matter which can work no injury to appellants, and of which they have no right to complain."

It is further urged that there was error in decreeing that the receiver's trust deed was a lien and entitled to priority of lien over the two trust deeds given to Schintz for the use of Huber and Mann.

By the order of court, August 10, 1897, the receiver was appointed and he was authorized to borrow $400 to complete the building, without notice to the appellants. On August 30, 1897, on petition of the receiver, the former order was vacated and another order entered directing the receiver to borrow $600, for the purpose of completing the building, on his certificate which was declared to be a first lien on the premises.

The order on its face recites that it was entered on the petition of the receiver and with the consent of all parties in interest. Having consented to the order appellants are estopped to now dispute it. Robey v. Title Guarantee & Trust Co., 166 Ill. 336.

But it is urged that the giving of the trust deed by the receiver is not warranted by the order. The order is that the receiver be authorized to borrow $600, and to execute

and deliver a receiver's certificate or obligation therefor. Instead of issuing his certificate the receiver secured the money by executing his mortgage on the premises therefor. Although it is unusual for a receiver to give a mortgage to secure money loaned to him, yet we can see no harm in doing so, especially when no remedy on any of the covenants of the mortgage is sought.

The power to mortgage is in principle the same as the power to issue receiver's certificates and make them a first lien upon the property. Smith on Receivers, Sec. 26.

Error is claimed because of costs allowed, but we think the decree is right concerning them; also, because the Huber and Mann trust deeds are held to be concurrent liens. Whether the trust deeds are concurrent liens or not is something which the appellants are not interested in. If both trust deeds are liens on Brown's property it is not for him to say that he is prejudiced by a finding that they are concurrent.

Upon the whole record we are of opinion that the decree will have to be affirmed, and it is so ordered. Affirmed.