### George S. Poppers v. Amelia Poppers.
#### Gen. No. 11,679.

1.  ORDER OF COMMITMENT—*when presumptions indulged in favor of.* Every reasonable intendment and presumption will be indulged in support of an order to commit a respondent for contempt for failure to pay alimony where such order recites that the court heard the evidence and the transcript of the evidence appears to have been made up as *per præcipe* and does not contain a certificate of evidence.

Proceeding to commit for contempt.   Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1904.  Affirmed.  Opinion filed January 5, 1905.

FRANK H. LENNARDS, for appellant.

No appearance for appellee.

Poppers v. Poppers.

MR. JUSTICE ADAMS delivered the opinion of the court. This is an appeal from the following order:

"AMELIA  POPPERS ⎫  Contempt proceedings.
          v.        ⎬  Bill.
GEORGE S. POPPERS. ⎭

The above entitled cause coming on to be further heard upon the return of the rule to show cause entered herein on the 28th day of October, 1903, and the defendant having appeared in open court and been heard by counsel, and the court having considered evidence and being fully advised, doth find that the defendant, George S. Poppers, is guilty of contempt of this court for wilfully refusing to pay the amount of two hundred and seventy-five ($275) dollars arrears of temporary alimony due to the complainant on the 28th of October, A. D. 1903, and it is therefore ordered that the said George S. Poppers be committed to the common jail of Cook county, Illinois, there to remain charged with said contempt of this court until he pay to the complainant, Amelia Poppers, the said sum of two hundred and seventy-five dollars, or until he shall have been released by due process of law, and the court doth order that a warrant for that purpose issue forthwith, directed to the sheriff of Cook county, Illinois."

Appellant's counsel contends that if the judgment is intended as a means of enforcing a previous order of the court, it is void, in that it is not recited in the order that appellant was able to comply with such prior order; and, if intended as a punishment for obstinately disobeying a prior order of the court, it is void in not fixing a definite time or term of imprisonment. The order is not entered in the name of The People, as, technically, it should be, if for a criminal contempt. It is entered in the cause, and is manifestly for the purpose of enforcing obedience to a prior order of the court for the payment of alimony to Amelia Poppers, the appellee. It is recited in the order that " the court, having considered evidence, and being fully advised, doth find that the defendant, George S. Poppers, is guilty of contempt of this court, for wilfully refusing to pay the amount of two hundred and seventy-five (275) dollars," etc. Counsel refers to Rapalje on Contempt, sec. 137, in support of the proposition that the judgment must, on

its face, show that it was in the power of the defendant to comply with the order. The author states this proposition as having been held in Adams v. Haskell et al., 6 Cal. 316. The case seems to have been treated by the court as for criminal contempt. The court say : "The affidavit of the party is uncontradicted, and shows that he has complied, as far as possible, with the order of the court, and that it is not in his power to comply further. This is a sufficient expurgation, and the order directing his imprisonment was, under the circumstances, an excess of jurisdiction and void." This, very clearly, is not authority for the proposition that the order of commitment should, on its face, recite, or show, that the defendant was able to comply with the prior order. The Superior Court of Cook county is a superior court of record of general jurisdiction, and, in such case as the present, "it is not necessary to set out the cause of commitment, with particular circumstances; it is sufficient to state the cause generally." In re Fernandes, 6 Hurl. & Norm. 717, 726.

In The People v. Nevins, 1 Hill. 154, the court states the order briefly thus : "The rule in this case was, in substance, that the defendant Nevins be committed to the custody of the sheriff of Erie till he pay a fine of $860.60 imposed upon him by that rule." The commissioner made an order discharging Nevins from custody on *habeas corpus*. The Supreme Court, on *certiorari*, Cowen, J., delivering the opinion, reversed the order. The court, after citing numerous authorities, say, among other things : "I will not say that no cause need be assigned in the commitment. But when a cause is assigned in substance, even if it be without technical words, I do deny, on the authority of these cases, that for a mere defect of form, the commissioner has any power whatever to interfere. He has no jurisdiction to say whether the form were proper or not. The commissioner, in this case, saw that Nevins had, by the court, been ordered to jail for not paying money, and he was bound to know that he had no jurisdiction." The order appealed from is, *nomine mutate*, substantially the

same as that sustained in Wightman v. Wightman, 45 Ill. 167, 171.   In the present case the order recites that the court heard evidence, and the record contains no bill of exceptions showing what the evidence was.   Also, the record is certified to be *per præcipe*, and all it contains is the order above quoted.   In this state of the record every reasonable intendment and presumption in support of the order must be indulged.   Culver v. Schroth, 153 Ill. 437; Deimel v. Parker, 164 Ill. 627.   For aught that appears, the defendant may have shown no cause in answer to the rule. He may even have admitted his ability to pay.

The judgment will be affirmed.

*Affirmed.*