Jacob Huber et al., Appellees, v. Thomas Brown et al., Appellant.

Gen. No. 14,454.

1. APPEALS AND ERRORS—*when assignments of error too general.* Assignments of error which bring into question an entire order are bad if any part of such order is valid.

2. MASTERS IN CHANCERY—*when findings of fact not disturbed.* Findings of fact by a master will not be disturbed as against the evidence unless clearly and manifestly so.

3. DECREE—*when does not merge trust deed.* A decree which does not increase or in the least affect the rights of the owners of a trust deed in the premises covered thereby, does not effect a merger of such trust deed.

4. FORECLOSURE—*validity of provision for solicitor's fees, etc.* While it may be that a provision in a trust deed or mortgage for payment of solicitor's fees for services in foreclosing a trust deed or a mortgage is a penalty, yet such provision is valid and enforceable in a court of equity.

5. NEGOTIABLE INSTRUMENTS—*what not defense.* The fact that a purchaser of a note before maturity knew that the same represented a building loan and that the money constituting the consideration was to be paid out by the party originally acquiring such note as the building in question progressed, would not, if such money was not so paid out, constitute a defense at law.

Foreclosure. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this

court at the March term, 1908. Affirmed. Opinion filed May 20, 1909.

Statement by the Court. This is an appeal by Thomas Brown and Elizabeth, his wife, from a decree rendered against them on a bill filed July 2, 1903, by Jacob Huber, Nicholas J. Mann, Theodore H. Schintz, devisee, and others, to foreclose two trust deeds. It is, in substance, averred in the bill as follows:

April 26, 1897, Thomas Brown made a note for $2,500, payable to his own order, due five years after date, with interest at six per cent per annum, evidenced by interest notes, and endorsed and delivered the same to Jacob Huber, and, at same date, made a note for $700, payable to his own order, payable three years after date, with interest at seven per cent per annum, and endorsed and delivered the same to Nicholas J. Mann. At same date Thomas Brown and Elizabeth, his wife, executed two trust deeds to Theodore H. Schintz, as trustee, of the following described premises in Cook county, Illinois: Lot 45, block 1, Frank Wells & Co's Boulevard Subdivision of the N. W. 1/4 of the N. W. 1/4, sec. 23, town 39 N., range 13; one of said trust deeds to secure payment of said $2,500 note, the other to secure payment of said $700 note; the said trust deeds containing the same provisions except as to indebtedness secured. Then follow covenant of grantors to pay taxes, etc.; that, in default of any interest due remaining unpaid, the whole should, at the option of the legal holder of the note, and without notice, become due and payable, grantors waiving right to possession, income and rents, and that a receiver be appointed. Then follows these provisions:

"And it is further agreed that in case of a right of foreclosure or other right or procedure should arise under such trust deed, all expenses or disbursements paid or incurred upon behalf of the complainant in connection with the foreclosure thereof, or in connection with any proceedings thereunder, or on any

of the said notes, including the sum of $300 for solicitor's fees, and also all outlays for documentary evidence, stenographer's charges, cost of procuring and completing abstract of title showing the whole title to the premises, including foreclosure proceedings and record of master's certificate of sale, should be paid by said grantors; that all costs, expenses, solicitors or attorney's fees incurred, or paid by the grantee, or any holder of any part of said indebtedness in any suit or proceeding, in which any of them as such might be a party, should also be paid by said grantors; that all of such costs, solicitors' fees, and disbursements should be an additional lien upon said premises and be taxed as costs and included in any decree that might be rendered in any foreclosure proceeding".

August 9, 1897, George Wheatman *et al.* filed in the Circuit Court of Cook county a bill against Thomas Brown and complainants Huber and Mann, praying for a mechanic's lien on said premises, and August 10, 1907, John Claney was, by consent, appointed receiver of said premises, and qualified as such, and, August 30, 1907, said court authorized said receiver to borrow $600, to complete buildings on said premises, and to issue his certificate for that sum, the same to be a first lien on the premises.

Default was made in payment of the first of the interest notes secured by the Huber trust deed, due October 26, 1907, and, October 27, 1907, Huber declared the whole principal sum secured by said trust deed due. A like default was made in respect to the interest note due October 26, 1907, secured by the Mann trust deed, and, October 27, 1907, Mann declared due the whole sum secured by said trust deed. Said receiver, in pursuance of his aforesaid authority, borrowed from complainants Huber and Mann, September 29, 1897, $600, and, at same time, delivered to them his receiver's certificate for $600, with interest at six per cent per annum, payable semi-annually. The receiver also, to secure said certificate, executed

to the American Trust & Savings Bank a trust deed of said premises, which was filed for record, which contains a provision for the payment of expenses and disbursements of complainants, in case the same shall be foreclosed, including reasonable solicitor's fees.

It is next averred that in mechanic's lien suit in the Circuit Court of Cook county, Wheaton v. Brown, a certain decree was rendered and certain orders made, and that the decree was appealed to the Appellate Court, and afterward to the Supreme Court, and by the Supreme Court approved.

Schintz prosecuted an ejectment suit against Thomas Brown on the trust deed, and recovered judgment, which the Supreme Court affirmed, etc. The bill sets out moneys expended by complainants Huber and Mann in the different suits mentioned in the bill, etc., makes Thomas and Elizabeth Brown, Charles H. Jackson, trustee, A. Levi, Aaron Brown, Asher Brown, and unknown owners, defendants, waives answer under oath, and prays for an accounting, etc. Thomas and Elizabeth Brown, and Charles H. Jackson, trustee, answered; unknown owners were defaulted; the bill was dismissed as to A. Levi, Aaron Brown and Asher Brown, and the cause was referred to a master to take proofs and report the same, with his conclusions on law and facts. The master reported, finding and recommending in favor of the complainants, and the court overruled exceptions to the report and confirmed the same, and rendered a decree as recommended by the master. The following stipulation was made between the parties:

"Nicholas J. Mann *et al.,* }  General No. 230,954.
       vs.            }  Term No. 1,853.
Thomas Brown *et al.* }

It is hereby stipulated by and between Jacob Huber and Nicholas J. Mann, individually and by their attorneys, and Thomas Brown and Elizabeth Brown, defendants in the above entitled cause, individually and by their attorneys:

First: That the cause of Nicholas J. Mann *versus* Thomas Brown, now pending in the Circuit Court of Cook County, general number 177,187, term number 1,893, shall be continued and shall not be tried until the entry of a decree in the above entitled cause of Mann *et al. versus* Brown *et al.,* cause number 230,954 of said Superior Court.

2nd. That a jury is hereby waived in said cause of Mann *versus* Brown and Huber *versus* Brown in said Circuit Court; and that when tried the same shall be submitted to the court for decision without a jury.

3rd. That the bill of complaint filed in the Circuit Court of said county, Thomas Brown *et al. versus* Jacob Huber *et al.,* case 240,773, shall be dismissed without prejudice and without costs, and the questions raised by said bill and the questions which might be raised by any proper amendment to said bill, may be litigated by said Thomas and Elizabeth Brown, and any relief which they or either of them might be entitled to upon said bill and any proper amendments thereto may be granted in this cause.

4th. That upon the hearing of this case the issues offered or any issues that might be properly offered in said Circuit Court law cases of Mann *versus* Brown and Huber *versus* Brown may be litigated, tried and determined, and that this court shall determine whether said Thomas Brown had or has sufficient defense to judgments entered by confession or to any part thereof in said Circuit Court cases of Mann *against* Brown and Huber *against* Brown, or either of them, or upon the notes upon which said judgments were rendered, or either of them, and shall determine the said judgments so entered by confession in said cases of Mann *versus* Brown and Huber *versus* Brown shall stand and be made absolute, or shall be set aside or reduced, and that such decision and determination shall be made according to same rules of law and evidence which would be applicable to said cause if the same were tried and the issues therein decided upon the law side of said Circuit Court, it being understood and agreed that the said Brown may offer any evidence that would be competent under the pleas

already filed and under any plea or pleas that might be filed.

5th. It is further stipulated that upon the entry of a final decree herein adjudicating the rights of said Mann and Huber and Browns with reference to said judgments, the said Circuit Court shall enter an order of judgment in said law cases above mentioned in conformity with the findings and decree of this court upon the issues raised or which might be raised in said law cases.

6th. It is further stipulated and agreed that all the questions at issue between the said Huber and Mann and said Thomas and Elizabeth Brown both at law and in equity, arising out of said suits, shall be submitted to this court in this cause and that this court may fully and completely determine the same and fully dispose of all such matters in controversy between said respective parties.

It is further stipulated and agreed that no order or disposition of said suits at law, of Mann vs. Brown or Huber vs. Brown, Circuit Court, shall be entered or made in pursuance of any decree entered in this cause, if any appeal by either party be prayed and allowed, or if a writ of error shall be sued out by either party to review such decree and proceedings herein, within three months from the date of entry of such decree herein; and that in the event of such appeal or writ of error being taken or sued out, no order shall be entered in said suits at law until said appeal or writ of error proceeding, is finally disposed of in the Courts of Appeal, and a decree entered in this court in pursuance of the directions of such higher court. It is further agreed that if such appeal or error be taken to the Appellate Court, either party shall have the right to appeal or sue out a writ of error from said Appellate Court (provided such appeal or writ lies) upon the terms and to the same effect as is hereinabove provided as to appeals from said Superior Court; and the said judgments in said suits at law shall not be vacated, altered, reduced or modified in any respect until a final decree, and all appeals and writs of error thereon, provided same are prosecuted

within the time hereinabove specified, shall have finally been disposed of.

> JACOB HUBER,
> NICHOLAS J. MANN,
> THOMAS BROWN,
> ELIZABETH BROWN."

FRED H. RAYMOND and CHARLES S. BABCOCK, for appellants.

MASON & WYMAN, for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The assignments of error in this case are as follows:

1. The court erred in entering a decree in favor of appellees.

2. The court erred in sustaining the master's report.

3. The court erred in not entering a decree in favor of appellants.

4. The court erred in not finding the issues for appellants.

5. The court erred in overruling appellant's objections to the master's report.

Counsel for the defendants object that these assignments are too general, and require the court, if it will review the cause, to search the record for errors which may have been committed, a burden which should not be placed on the court. The only clue which the court would have in such search is the fifth assignment, that "the court erred in overruling objections to the master's report," which were ordered to stand as exceptions on the hearing, and which are fifty-eight in number.

Counsel for defendants cite, in support of their objection, Skakel v. The People, 188 Ill. 291; Verble v. Dillow, 218 ib. 537, 539-40; Stanley v. Chicago T. & S. Bank, 61 Ill. App. 257, and Barth v. Union National Bank, 67 ib. 131, 133. In the case last cited the court

say: "The assignments are, in effect, that the whole order is wrong, and, therefore, if it is in part right, the assignments must be overruled. 2 Ency. Pl. & Pr. 951". This is in accordance with the rule that if two or more assign errors jointly, and the assignment is bad as to one, it is bad as to all. In the present case it cannot be said that all of the objections to the master's report are good, if any of them are, and we are inclined to the view that the decree should be affirmed for want of specific assignments of error. However, we will consider the propositions on which counsel for the complainants rely and which they argue.

It appears from the evidence that the notes in question, secured by the trust deeds sought to be foreclosed, were made by Brown for a loan to be used in the erection of a building on the premises described in the trust deeds, and that the complainant Huber knew that the money was to be so applied, and that, about the time of the loan there was money belonging to Huber in the hands of Theodore H. Schintz, trustee, who made the loan to Brown. From these and other circumstances counsel for defendants argue that Schintz acted as Huber's agent in making the loan, that the loan was really Huber's to the extent of the amount of the note held by him.

The evidence on the question whether Schintz acted as Brown's agent is conflicting. The master found to the contrary, and his report was confirmed by court. In such case the decree must stand, unless it is clearly and manifestly contrary to the evidence (Siegel v. Andrews & Co., 181 Ill. 350), which we cannot say it is.

It is contended that Huber and Mann are not innocent holders, because, as counsel say, they took the notes with full knowledge of the fact that it was a building loan, and that the money was to remain in Schintz's hands to be paid out by him as required. Huber and Brown, when they purchased the notes, paid $3,200 for them, and the court allowed only

$1,200 principal on the two notes, dividing it proportionally between Huber and Mann, so that the objection of counsel affects only the confessions of judgment on the notes, which are for the whole amounts due on them, and in respect to which the court decreed that the judgment should stand and be made absolute. The judgments are not made a lien by the decree, and the decree provides that the proportions allotted to complainants of the $1,200 advanced by Schintz shall be credited on the judgment. It is contended that the notes and trust deeds were merged in a decree of the Superior Court of Cook county rendered January 15, 1900. The decree referred to was in a mechanic's lien suit by Wheatman and Boulton, copartners, against Thomas and Elizabeth Brown, Huber, Mann, Schintz and others, praying a lien on the premises in question. Huber and Mann filed an answer, setting up their liens as in the present case. The court adjudicated the rights of the parties, and dismissed the petition and granted no relief to complainants Huber and Mann. An appeal was taken to this court by the Browns and the decree was affirmed—Brown v. Theodore H. Schintz, 98 Ill. App. 452, and an appeal was taken from this court to the Supreme Court, which affirmed the judgment of this court—Brown v. Schintz, 202 Ill. 509. The decree of the Superior Court, so far as complainants Huber and Mann are concerned, is merely a finding of facts and an ascertainment of their rights. No relief is granted them by the decree. "Merger, in the law of contracts, is an absorption or extinguishment of a security of a lower legal degree into another of a higher legal degree". 20 Am. & Eng. Ency. 596; James v. Morey, 2 Cowen, 246, 300; Weiner v. Heintz, 17 Ill. 259, 262.

The interest of complainants in the premises described in the trust deeds was not increased or in the least affected by the decree in Wheatman v. Brown. Therefore, there was no merger. The Brown notes, held by complainants, were merged in the judgments

by confession, but this does not affect their competency as evidence in the case at bar. Brown v. Schintz, 203 Ill. 136, 139. The chief contention of defendants is, that the court erred in allowing certain attorney's and solicitor's fees and decreeing payment thereof.

The complainants introduced evidence of the services for which the fees were allowed, and their reasonable value, and defendants produced no contrary evidence. Each of the trust deeds in question provides for solicitor's fees of the complainant, in the event of foreclosure, following which is this provision: "and that all costs, expenses and solicitor's and attorney's fees incurred or paid by the grantee or any holder of any part of said indebtedness, in any suit or proceeding in which any of them as such may be a party, shall also be paid by the grantors, and that all such costs, solicitor's and attorney's fees, outlays, expenses and disbursements, shall be an additional lien upon said premises, and be taxed as costs and included in any decree that may be rendered in such foreclosure proceedings".

The only objection made by counsel for defendants to this provision is that it is in the nature of a penalty. The provision is merely for the payment of expenses which may be legally and actually incurred by the grantees in the trust deeds or any holder of any part of the indebtedness secured by them, and is not, in the least, in the nature of a penalty. It might as well be said that a provision in a trust deed or mortgage, for payment of solicitor's fees, for services in foreclosing the trust deed or mortgage, is a penalty; yet such provision has been frequently held valid.

Henke v. Gunzenhauser, 195 Ill. 130, was a suit to foreclose a trust deed which contained a provision for $100 solicitor's fees in foreclosing the trust deed, next after which was this provision: "It is agreed that said grantors shall pay all costs and attorney's fees incurred or paid by the said grantee, or the holder or holders of said notes, in any suit in which either

of them may be plaintiff or defendant by reason of being a party to this trust deed or a holder of said notes, and that the same shall be a lien on said premises, and may be included in any decree ordering the sale of said premises and taken out of the proceeds of any sale thereof". The complainant, Henke, claimed that, in addition to his expense, in employing the solicitor who acted in the foreclosure proceedings, he had become indebted to other solicitors for drafting the bill, etc., to the amount of $800. The court entered a decree for $625, solicitor's fees, which was reversed by the Appellate Court (97 Ill. App. 485), the latter court holding that only the sum of $100, provided by the trust deed for foreclosing it, could be allowed. The judgment was affirmed by the Supreme Court, that court holding that the provision in the trust deed quoted *supra* applied to proceedings "other than the proceedings to foreclose," saying: "It can readily be conceived that such a suit might have been brought, either at law or in equity, affecting the rights of the grantee or holders of the notes, before the mortgage debt was due, and before the deed could have been foreclosed". *Ib.* 134. The validity of the provision is not questioned by the Supreme Court, and we have no doubt of its validity. The attorney's and solicitor's fees allowed by the decree are within the provisions of the trust deeds, and the contrary is not claimed.

It is urged that the court erred in decreeing that the judgments by confession should stand, for the reason that Huber and Mann were not innocent holders of the notes. While Brown might set up, in a suit by Huber and Mann to foreclose the trust deeds, any defense which he might have in such a suit by Schintz, it does not follow that he could so do in a suit on a negotiable note, for which full consideration was paid. As said of Huber and Mann in Brown v. Schintz, 202 Ill. 509, 510, "It is not denied that they paid in money not only the $1,200, which they

are seeking to recover, for the notes and trust deeds, but the full consideration named therein, $3,200''.

The mere fact that Huber knew that the loan was a building loan and would be held by Schintz to be paid out by him as the building progressed—in other words, that the consideration for the note which he, Huber, paid was to be paid out on Brown's account in the future—would not be a defense in a suit against Brown on the note. Siegel v. Chicago T. & S. Bank, 131 Ill. 569. Brown, himself, knew this.

There is no evidence to show that Mann had any knowledge that the loan was a building loan, or that any of the money loaned was to remain in Schintz's hands.

We find no reversible error in the record, and the decree will be affirmed.

*Affirmed.*