## Martin Maremont, Appellee, v. Sarah Muller et al., On Appeal of Max Muller, Appellant.

## Gen. No. 17,724.

INJUNCTIONS—*when preliminary injunction presumed properly issued.* On a praecipe record, *held,* that the court would presume that the interlocutory injunction complained of was issued on notice, or that sufficient showing was made to the chancellor by affidavit on which to base the injunctional order.

Bill for injunction. Appeal from the Superior Court of Cook county; the HON. M. M. GRIDLEY, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed December 21, 1911.

SAMUEL G. GRODSON, for appellant.

FOWLER, McDONNELL, ROSENBERG & MACPHAIL, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellee filed a bill in the Superior Court of Cook county on March 23, 1911, alleging, among other things, that he was the assignee of a contract dated February 10, 1911, whereby Sarah and Israel Muller agreed to sell and convey certain described premises, also known as No. 1239 South Kedzie avenue, in the city of Chicago, attaching to and making a part of the bill copies of said contract and assignment; that he had made a tender of the sum of $5300, as provided by the terms of the said contract, to said Sarah and Israel Muller; that he was ready and willing to carry out said contract, but the said Mullers refused to accept said tender and carry out said contract, and prayed that specific performance of the contract be enforced. On June 22, 1911, appellee filed a supplemental bill, making the appellant an additional defendant, therein alleging the filing of the bill described; that a demurrer thereto had been overruled, an answer and replication thereto filed, and the cause referred to a master in chancery to take testimony, etc.; that thereafter, to-wit, June 5, 1911, the said appellant, Max Muller, a son of said Israel Muller, filed for record in the recorder's office of Cook county a writing purporting to be a warranty deed, dated May 10, 1910, conveying said described premises by said Sarah and Israel Muller to said Max Muller; that the said conveyance was made for the purpose of preventing the specific performance of the said contract, etc., etc., and prays that the said Max Muller be restrained from conveying or encumbering the said described premises during the pendency of said cause.

The court issued an interlocutory injunction restraining the said Max Muller as prayed in said supplemental bill, "until final determination of this suit, or until further order of said court," and said Max Muller appeals therefrom.

A *praecipe* record is filed in this court, consisting of the bill, supplemental bill, injunction order and bond and appeal bond; also the order of the appellant that the clerk prepare transcript of the record containing the foregoing.

The appellant urges the reversal of the interlocutory injunction on the ground the said injunction was issued without notice, and there is no showing of any nature that the rights of appellee would be unduly prejudiced if the injunction be not issued immediately or without notice, as provided by statute. On the *praecipe* record as here presented this court will presume that the interlocutory injunction was issued on notice, or that sufficient showing was made to the chancellor by affidavit, as provided by statute, on which to base the order. Seneff v. Olivet Baptist Church, 89 Ill. App. 352; Callies v. Callies, 91 Ill. App. 305; 2 High on Injunctions, Sec. 1697.

It is objected that the verification of the supplemental bill is upon information and belief, and there is no equity therein warranting the issuance of the injunction. We think the verification not subject to the objection, and sufficient showing on the merits was made on the face of the bill to warrant the chancellor in preserving the *status quo* until final hearing.

An additional *praecipe* record was presented by the appellee and a motion made for leave to file same. The appellant objected and the court, reserving the questions raised as to the merits or validity thereof, allowed same to be filed. On an examination of the records we conclude that the additional *praecipe* record so filed was subject to objections made thereto by the appellant, and we therefore have given it no con-

sideration in the determination of the questions presented by the appellant on the appeal.

The interlocutory injunction is affirmed.

*Affirmed.*