Belknap,
May 7, 1940. } No. 3158.

GEORGE P. MUNSEY, *Trustee, & a.*

*v.*

G. H. TILTON & SON COMPANY.

52

*Harold E. Wescott*, by brief, for Lillian H. Tilton.

*Franklin Hollis* (orally, but, by special permission of this court

without brief), for the New England Thread Co., a general unsecured creditor of the receivers.

WOODBURY, J.   The Supreme Court of the United States has said that the power of a court of equity to appoint receivers and to authorize them "to raise money necessary for the preservation and management of the property, and make the same chargeable as a lien thereon for its repayment, cannot, at this day, be seriously disputed." But that court has also said "It is, undoubtedly, a power to be exercised with great caution; and, if possible, with the consent or acquiescence of the parties interested in the fund."   *Wallace* v. *Loomis*, 97 U. S. 146, quoted with approval in *Union Trust Co.* v. *Railway*, 117 U. S. 434, 455.

The suggestion in these cases that this power of the court is limited to receiverships over public utilities for the reason that they owe to the public a duty of continued operation is not supported by any citation of authorities and does not appear to be sound upon principle.   The underlying reason for the appointment of receivers is to conserve assets for the benefit of creditors.   There may be occasions when this purpose can best be accomplished by continuing the business in operation even though such continued operation entails borrowing by the receivers, but whether, in any particular case, there is occasion for continued operation by receivers and borrowing by them for that purpose depends not so much upon the nature of the business as upon the condition of its affairs.   In our opinion the nature of the business of a utility is not the test of the existence of this power of the court to permit borrowing by a receiver. It only affects the exercise of it.   So, although the better practice would apparently have been to authorize Mrs. Tilton's loan to the receivers and the giving of security therefor by the latter only after special notice to other creditors, we cannot say that under the circumstances the court was without power to authorize either the loan or its security.

The reason why loans and liens authorized without notice may be valid in spite of the effect of such transactions upon the rights of other creditors is, as pointed out in the case last cited, that "many circumstances may be judicially equivalent to prior notice."   The equivalent mentioned in that case is that the general creditors were given "A full opportunity . . . to be heard, on evidence, as to the propriety of the expenditures and of making them a first lien" at the time when the respective rights of all persons interested were

determined at the final hearing held after liquidation, and such opportunity was given to all creditors in the case at bar. It follows that the loan from Mrs. Tilton to the receivers and the lien given to secure it were properly authorized.

Whether her lien, if valid, arose by reason of its authorization by the court or whether it arose because of the mortgage given by the receivers (*Brown* v. *Schintz*, 98 Ill. App. 452; 1 Clark, Receivers, s. 553), is a question which we need not decide. If it arose because of the action of the court, the incomplete execution of the mortgage is immaterial. If it arose only because of the mortgage, the failure of the mortgagee to subscribe and swear to it does not render it invalid as between the parties (P. L., c. 216, s. 16; *General Motors Acceptance Corp.* v. *Berry*, 86 N. H. 280, 285), or as against general unsecured creditors of the mortgagor (*Commonwealth Trust Co.* v. *Company*, 77 N. H. 146), and no rights of attaching creditors or of the purchasers of the machinery are here involved. Thus the receivers sold property subject to a mortgage which so far as they were concerned was valid, and such sale constituted a conversion by them of the mortgaged property. *White* v. *Phelps*, 12 N. H. 382; *Knapp* v. *Hobbs*, 50 N. H. 476. The proceeds of the sale of the mortgaged machinery were therefore held by the receivers subject to an equitable lien in favor of Mrs. Tilton (3 Scott, Trusts, s. 508. 1), and since those proceeds are still in their hands, she is entitled to the amount of her loan with interest.

*Exception sustained.*

All concurred.