THOMAS BROWN *et al.*

*v.*

THEODORE H. SCHINTZ, Trustee.

*Opinion filed June 16, 1903.*

1. EVIDENCE—*decree is admissible in another suit though writ of error is pending.* A decree adjudging a certain amount to be due the grantee in a deed of trust is admissible in an ejectment proceeding by the trustee against the grantor to prove ,a breach of .the condition of the trust deed, notwithstanding a writ of error has been sued out and made a *supersedeas.*

2. SAME—*notes merged in decree are still competent as matters of evidence.* The merger of notes in a decree does not destroy the force of the notes as independent matters of evidence if they become material in any subsequent proceeding.

3. SAME—*general objection to admission of note does not raise question of execution.* A general objection to the admission of a note in evidence that it is irrelevant, incompetent and immaterial does not permit the specific objection to be made, on appeal, that there was no proof of its execution.

4. SAME—*when refusal to admit evidence to sustain issue will not reverse.* Refusal to admit evidence to sustain an issue joined upon an unnecessary plea will not reverse where no other error appears and no resulting injury is shown.

5. SAME—*when plaintiff in ejectment need not trace title back to government.* In an action of ejectment by a trustee in a deed of trust against ithe grantor and his tenants, the plaintiff, as against the grantor, need make no further proof of title than the grantor's deed "conveying and warranting" the premises.

6. APPEALS AND ERRORS—*original documents have no place in the record.* Original documents given in evidence on the trial have no place in the record, on review, unless expressly ordered by the court to be incorporated therein.

APPEAL from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

This was an action of ejectment by Theodore H. Schintz, trustee, for the use of Jacob Huber, against appellants and their tenants. The action was based upon a trust deed securing a note by Thomas Brown of $2500, of even date, and conveying the premises described in the declaration.

Upon the trial, plaintiff (appellee) offered in evidence the principal and interest note of Thomas Brown, and trust deed securing the same; also a certified copy of a decree entered in the case of *Wheatman* v. *Brown*, a chancery proceeding in the circuit court of Cook county, on January 15, 1900, wherein Thomas Brown and wife, Schintz, trustee, and Jacob Huber, were parties, and in which decree it was adjudged that there was due Huber, secured by this trust deed, $1069.73, and also offered in evidence the original bill, the answer of the Browns, and the answer of Jacob Huber and Nicholas J. Mann in said proceeding, to show that the court had jurisdiction of the parties. Plaintiff also offered in evidence an affidavit of "common source," in which it was stated that plaintiff and defendants Vesley and Dobbs claim title through a common source, to-wit, through the defendant Thomas Brown. After introducing the foregoing evidence plaintiff rested. Thereupon defendants offered to prove by the defendant Brown a total failure of consideration for the note and trust deed, and that no demand for possession had been made, both of which offers the court refused, to which defendants excepted. Upon the written motion of plaintiff the court then instructed the jury to return a verdict for plaintiff, which was done, and the motion of defendants for a new trial was overruled and judgment entered on the verdict, from which this appeal is prosecuted.

ALBION CATE, for appellants.

IVES, MASON & WYMAN, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

The case of *Wheatman* v. *Brown*, mentioned in the statement of this case, is the same case that was taken on error to the Appellate Court and there entitled *Brown* v. *Schintz*, reported in 98 Ill. App. 452, and afterwards

brought to this court. (202 Ill. 509.) Brown was the owner of the premises in question, and desiring to build upon them gave two trust deeds to Schintz, as trustee, one to secure a principal note of $2500, with certain interest notes, and the other to secure a principal note of $700. The notes were made payable to Brown's order, and he assigned one of them to Jacob Huber and the other to Nicholas J. Mann. Schintz was to advance the money as the building progressed, and did give to Brown two checks, one for $1075 and the other for $125. These checks Brown turned over to his contractors and subcontractors. The checks were made and delivered to Brown on Friday, July 16, 1897, and were payable at the Merchants' Loan and Trust Company, in Chicago. They were not presented until the following Monday, when the bank had been notified that Schintz on that day had made an assignment. The main defense in the case was, that Schintz, the plaintiff, had never paid anything upon the notes and the trust deeds, and that the consideration having failed he was not entitled to the possession of the premises,—in other words, that no money having been paid there was no breach of the condition of the trust deed

In the chancery suit of *Wheatman* v. *Brown* the court had found that there was due Huber on the note held by him, $1069.73, and to prove the breach a certified copy of this decree was put in evidence, as also the original notes. It is urged on this appeal that it was error to admit the decree in evidence, because a writ of error had been prosecuted from that decree and a *supersedeas* granted. The decree was between the same parties, related to the same subject matter in controversy, and unless vacated by the writ of error was competent evidence to prove that there was a breach of the conditions of the trust deed by failure to pay the money found due by the decree. (*Hernandez* v. *Drake*, 81 Ill. 34; *Gartside* v. *Outley*, 58 id. 210; *Knobloch* v. *Mueller*, 123 id. 554; *Roby* v.

*Calumet and Chicago Canal and Dock Co.* 165 id. 277; *Norris*
v. *Ile,* 152 id. 190.)   The writ of error could not have any
greater or broader effect than an appeal would have had,
and we have held in a number of cases that an appeal
does not destroy the lien of the judgment or affect the
judgment, but simply suspends it and prevents its being
carried into execution until the final disposition of the
case.   (*Curtis* v. *Root,* 28 Ill. 367; *Ball* v. *Chadwick,* 46 id.
28; *Moore* v. *Williams,* 132 id. 589.)   In the case of *Randles* v.
*Randles,* 67 Ind. 434, practically the exact question here
presented was well considered, and it was there held
that an appeal only stayed the execution of the judg-
ment for costs in a partition suit, and that the judgment
of partition stood unaffected by the appeal until it was
reversed, and that ejectment, based on the partition de-
cree, by one of the parties to whom certain of the lands
had been allotted in the partition proceeding, could be
maintained notwithstanding an appeal had been prose-
cuted.   We think there was no error in the admission of
the copy of the decree.

Some contention is made about the admission of the
original notes in evidence.   It is urged that they were
merged in the decree, and that it was also shown that
a judgment by confession had been taken on the notes.
While it is true that we have held in a number of cases
that there is a merger of the notes in the judgment or
decree upon them, still that does not destroy them as
independent matters of evidence when they become ma-
terial in any procedure.   The most that we have held in
regard to the merger is, that having been merged they
cannot form the basis of any other original action, but
the pleader must count upon the judgment or decree into
which they have been merged, but no case has been cited,
and we think none can be found, holding that because
they have been merged into a judgment they are not com-
petent evidence, as between the parties, relating to any
material matter where they could have probative force.

It is next urged that these notes should not have been admitted in evidence because the signature of the maker was not proved. The objection to them was a general one, stating, merely, that they were incompetent, irrelevant and immaterial. There was no reason to believe that the appellants denied their execution or objected to them on the ground that the signature had not been proven, as there was nothing in the general objections urged to call attention to that fact. We think the objection too general to be insisted on now on the specific ground that there was no proof of their execution before they were admitted in evidence. *Wilson* v. *King*, 83 Ill. 232; *Chicago and Alton Railroad Co.* v. *Morgan*, 69 id. 492; *Calumet and Chicago Canal and Dock Co.* v. *Morawetz*, 195 id. 398; *Clevenger* v. *Dunaway*, 84 id. 367.

Upon the question of the consideration having failed, or there never having been any payment made to Brown on the loan evidenced by the trust deed in question, we are urged to await the final decision of this court in the case of *Brown* v. *Schintz*, *supra*. The opinion in that case has been handed down and is referred to above, and affirms the decrees and findings of the circuit and Appellate Courts, and holds that the delivery of the checks by Schintz to Brown was a payment of money to be applied on the loans negotiated, as evidenced by these checks, and we need not further discuss that question.

The appellants, by special plea, averred that no demand was made for possession, and issue was joined on that plea, and appellants' evidence, when offered on that issue, was excluded by the court. The evidence was sufficient that there was a breach of the conditions of the trust deed, and no demand was necessary, (*Carroll* v. *Ballance*, 26 Ill. 9; Jones on Mortgages,—4th ed.—sec. 42;) and we are not disposed to reverse a case because unnecessary pleas are in the record and issue joined on them, if upon the whole record it appears that in other respects the cause was properly disposed of, and especially so

when we can see from the record that no injury could have resulted from the action of the court in denying evidence under such pleas.

Another matter that is urged by appellants is, that the appellee did not prove his title from the government down to the time of the conveyance relied on, and that the affidavit of common source was not sufficient to avoid the necessity of that proof. Appellants and two of their tenants were parties defendant in the court below, and the affidavit as to common source related solely to the tenants, and was, that they and the plaintiff claimed title from a common source, through appellant Brown. Appellee was appellants' grantee, and for the purpose of that trial, and as between them, we think it sufficient for appellee to have introduced the deed from appellants, by which the appellants conveyed and warranted the title to the premises. The words of that grant were "convey and warrant," and if the question was only between the grantors and the grantee we can see no reason for requiring the evidence as to title, when they alone were concerned, to go beyond that. Appellants were estopped to deny that they had conveyed a good title to appellee. *Needham* v. *Clary*, 62 Ill. 344; *Eldridge* v. *Trustees of Schools*, 111 id. 576; *Tilghman* v. *Little*, 13 id. 239.

Appellants further urge that the bill of exceptions and record do not contain certain original evidence that was offered by appellee in the trial of the cause. Original documents have no place in the record unless expressly ordered by the trial court to be incorporated in it and sent to this court, and while the original record, as made, did purport to contain certain original documents, that record was amended since this appeal, and shows that no such originals were in fact incorporated in the record, but, as usual, the transcript contains copies of them. It would seem that appellants are placing their case in a precarious condition to insist that there is no evidence before this court or that all the evidence

is not before this court that was before the trial court, as in this appeal they seek to have the judgment below reversed largely upon the facts and errors relating to them. We would be entirely warranted in refusing to consider the questions of fact at all under such condition of the record, and dismiss this appeal or affirm the judgment, as might seem best to us. We have, however, been disposed to give the matters such consideration as we could, regardless of the defects in the record. The only substantial question that was in the case was as to whether the payments by the checks to Brown could be held, under the facts, to be payments at all. That question has been settled by the judgment of this court, and such other matters as we have deemed deserving of consideration have received it.

We feel that the judgment of the superior court of Cook county was right, and ought to be, and is, affirmed.

*Judgment affirmed.*