## WASHINGTON EXCHANGE BANK *v.* HOLLAND & CO.

A sold personal property to B, reserving title until the payment of the purchase-price. B subsequently executed a bill of sale to the property to C to secure an indebtedness. After the execution of the bill of sale from B to C, A sued· B in trover and recovered a money judgment, and the fi. fa. issued thereon was levied on the property, which was claimed by C. *Held*, that C, not being a party to the suit in trover, and having purchased before that suit was begun, was not concluded by the judgment in favor of A; and should have been allowed to introduce evidence to show that the purchase-price of the property had been paid before the suit in trover was instituted.

Submitted October 26, — Decided November 12, 1904.

Levy and claim.    Before S. H. Hardeman, judge pro hac vice. City court of Washington.    June 7, 1904.

*Colley & Sims,* for plaintiff in error.
*William Wynne* and *W. A. Slaton,* contra.

CANDLER, J.    In February, 1897, Holland & Company sold Anthony a boiler, taking his note for the purchase-price, and reserving title until the note was paid.    In May, 1901, Anthony executed to the Washington Exchange Bank a bill of sale to the boiler, to secure an indebtedness due the bank by him.    In December, 1902, Holland & Company sued Anthony in trover to recover the boiler, elected to take a money verdict, and obtained judgment in their favor.    The fi. fa. issued upon the judgment was levied upon the boiler, and the bank filed a claim to the property.    The jury found the property subject.    The bank moved for a new trial, which was denied, and it excepted.    The sole question presented for our decision arises out of the refusal of the trial court to admit evidence to the effect that in 1898, prior to the execution by Anthony of the bill of sale to the bank, the debt due for the purchase-price of the boiler had been fully discharged; that a member of the firm of Holland & Company had admitted the settlement, and that this admission had been communicated to an officer of the bank.    It is contended by counsel for the defendant in error that all questions as to the existence of a valid debt by Anthony to Holland & Company were settled by the judgment in favor of that firm in the trover suit, and that the bank is concluded by that judgment.    On the other hand, it is urged that the bank, having, long before the institution of the proceedings in trover, secured whatever title Anthony had to the boiler, would not be estopped by a judgment rendered in a suit begun after its title had accrued; and that while it adopted everything antedating its purchase of the property, it would not be affected by any subsequent acts or omissions of its vendor. We are of the opinion that the latter view is correct, and that the exclusion of the evidence offered was error.    If the bank had bought pending the suit in trover, it would of course have been concluded by the judgment therein rendered.    *Swift* v. *Dederick,* 106 *Ga.* 35.    Whatever title it had to the boiler, however, had accrued long before the institution of the suit by Holland & Com-

pany, to which suit it was in no sense a party. It was not concluded by the judgment, but had the right to go behind it and establish any fact that would prove its title to the property. In *Williams* v. *Terrell*, 54 *Ga.* 462, it was held: "One who purchases mortgaged property, prior to the commencement of statutory proceedings to foreclose, and who is not a party to such proceedings, is not bound by the judgment of foreclosure, and may, when the mortgage fi. fa. is levied, go behind the judgment and set up that the mortgage was barred by the statute of limitations at the date of the filing of the petition to foreclose." See also *Stokes* v. *Maxwell*, 59 *Ga.* 80; *Osborne* v. *Rice*, 107 *Ga.* 284. This authority would seem to be controlling of the case at bar; for if a claimant who has purchased mortgaged property prior to the institution of proceedings to foreclose may go behind the judgment of foreclosure and attack the mortgage on the ground that it was barred by the statute of limitations at·the time the suit to foreclose was begun, then by parity of reasoning one who, before the institution of trover proceedings by a vendor against his vendee, has purchased the property involved from the vendee, and who was not a party to the suit in trover, may go behind the judgment rendered in favor of the plaintiff and show that the debt for the purchase-price had been discharged before the suit was begun.　　　*Judgment reversed. All the Justices concur.*