## Thompson, Appellant, v. Graham.

*Contracts—Action for breach—Indivisible contracts—Judgment obtained subsequent to breach as bar to action—Judgment before magistrate—Effect of appeal from magistrate's judgment—Defenses.*

1. Upon an action for recovery of damages for breach of an alleged verbal contract made in August, 1907, which it was claimed gave to the plaintiff the right to cut, stock, saw, haul and deliver ties, mine ties, lath, slats and timber from a certain tract of timber land, to the defendant's use, at a certain schedule of rates, and the breach of a certain other verbal contract made September, 1908, collateral to the first contract, it appeared that subsequent to the breaches complained of, plaintiff brought suit against the defendant before a justice of the peace to recover a balance claimed.

to be due on account of work done under the contracts and obtained judgment therefor. *Held,* that the right of action in the plaintiffs being in its nature entire and indivisible, the recovery subsequent to the breach for one part of the claim was a bar to further action by the plaintiff for the whole, the residue or another part of the original claim, and that a nonsuit was properly directed.

2. In such a case it was further held that the fact that the defendant had filed an appeal from the judgment obtained before the magistrate, which appeal was never adjudicated but was withdrawn by defendant, the controversy having been adjusted between the parties and the amount agreed upon paid, was no ground for the removal of the nonsuit, since the fact that the judgment was appealable did not render it any the less definitive.

Argued April 20, 1914. Appeal, No. 188, Jan. T., 1913, by plaintiff, from judgment of C. P. Clearfield Co., Sept. T., 1911, No. 309, of nonsuit in case of James L. Thompson v. Alfred Graham. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit for breach of an oral contract. Before SMITH, P. J.

The opinion of the Supreme Court states the case.

The court entered judgment of nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*Roland D. Swoope,* with him *W. I. Swoope,* for appellant.

*A. L. Cole,* with him *H. B. Hartswick,* of *Bell & Hartswick,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 1, 1914:

The action was for recovery of damages for breach of an alleged verbal contract made in August, 1907, which it is claimed gave to the plaintiff the right to cut, stock, saw, haul and deliver ties, mine ties, lath, slats and tim-

ber from a certain tract of timber land, to the defendant's use, at a certain schedule of rates governing each of the different kinds of labor required; and the breach of a certain other verbal contract made September, 1908, collateral to the one above mentioned. One of the defenses set up, and the only one calling for consideration here, was that subsequent to the breaches complained of, 16th July, 1910, the plaintiff brought suit against defendant before a justice of the peace to recover a balance which he claimed to be due on account of work he had done under these several contracts, and obtained a judgment therefor. The fact that such action had been brought, and that it was for work done under the above mentioned alleged contract with defendant, was admitted by the plaintiff when a witness on the stand. The learned trial judge sustained the defendant's contention, holding that the right of action in the plaintiff being in its nature entire and indivisible, the recovery subsequent to the breach for one part of the claim was a bar to further action by the plaintiff for the whole, the residue or another part of the original claim, and directed a nonsuit, which afterwards the court refused to remove.

It is undoubtedly a fixed rule that where a party has once recovered a judgment for a part of an entire subject matter, the law will allow him no remedy for the other part. The appellant makes no contention against the rule as we have stated it, but insists that it is without application here because while he did bring his action for part of his claim and obtained a judgment therefor, yet the defendant filed an appeal from the judgment so obtained which appeal was never adjudicated but was withdrawn by defendant, the controversy having been adjusted between the parties and the amount agreed upon paid. The argument is that inasmuch as the judgment had been appealed from by the defendant it was not final; that the appeal opened or annulled it, leaving the matter to be proceeded with de novo. The argument would be forceable were its premises admitted; but

this cannot be.  The judgment was as definitive as any judgment obtained in a common law court.  It does not follow that because appealable it was not definitive.  By definitive, in speaking of judgments or decrees, we mean something opposed to interlocutory, and nothing more. It is true that on appeal the matter is proceeded with de novo, but only as to the subject matter of the particular controversy.  Had this appeal been proceeded with the plaintiff could not have enlarged his demand so as to make it include what was not within the stated cause of action before the magistrate.  The whole case is clearly resolved, with respect to every question raised by the assignments, by Rose v. Turnpike Co., 3 Watts 46, where it is held that a judgment of a justice against the plaintiff on the merits, from which he appeals to the Common Pleas, and discontinues, is a bar to any other for the same cause of action.  In disposing of the case SER-GEANT, J., says:

"This judgment became absolute by the discontinuance of the appeal, and was a bar to so much of the plaintiff's present demand as was embraced within it."

The judgment is affirmed.