### NELSON v. HECKSCHER et al.

### In re BLANTON.

(Circuit Court of Appeals, Fourth Circuit. December 14, 1914.)

No. 1262.

BANKRUPTCY ⚙═➞359—DIVIDENDS—APPEAL—REVERSAL—REFUND.

After a bankruptcy adjudication, H. and others recovered a judgment against the bankrupt in a state court for $4,276.68. That court, however, disallowed an additional claim for $5,000. The bankruptcy court allowed as a claim against the estate the amount fixed in the state court judgment, and ordered that the claimant should not be prejudiced by filing his claim for such amount in any further proceeding taken in connection with the prosecution of an appeal from the order disallowing the additional sum, and that the declaration of dividends would be withheld, provided an appeal was perfected within 60 days; otherwise, the court would not delay its action, or take account of the probable outcome of such appeal, and the further prosecution of the suit. H. and others waited more than 60 days, and then prosecuted their appeal, in which the bankrupt assigned cross-errors, asking that the whole judgment against him be reversed. Pending the appeal, dividends were paid to H. and others on the claim as allowed, whereupon the state court reversed the judgment against the bankrupt in toto. *Held*, that the condition on which the opportunity to hold up the dividends pending the appeal depended was as binding on the claimants as on the bankrupt and the trustee, and, not having appealed in time, claimants waived the condition, and hence the bankrupt's trustee was entitled to recover the dividends paid.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 545, 546; Dec. Dig. ⚙═➞359.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of Virginia, at Richmond, in Bankruptcy; Edmund Waddill, Jr., Judge.

In the matter of bankruptcy proceedings against Joseph W. Blanton. A. Heckscher and others having been awarded dividends on a judgment recovered against the bankrupt in the state court, and such judgment having been reversed on appeal, Leon M. Nelson, trustee, applied to compel the repayment of the dividends, and petitions to su-

perintend and revise, in matter of law, an order of the District Court confirming a referee's order denying such application. Reversed.

S. S. P. Patteson and R. L. Montague, both of Richmond, Va., for petitioner.

A. L. Holladay and Hill Montague, both of Richmond, Va. (A. B. Dickinson, of Richmond, Va., on the brief), for respondents.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. Proceedings instituted by Warner Moore & Co. and other creditors on September 12, 1907, resulted in Joseph W. Blanton being adjudged an involuntary bankrupt on October 7, 1907. At these dates an action by A. Heckscher and others against Blanton was pending in the law and equity court of the city of Richmond, and on November 11, 1907, after the adjudication in bankruptcy, a judgment was entered in favor of the plaintiffs for the aggregate sum of $4,276.68, with interest from September 15, 1899. In this litigation the state court disallowed an additional claim of $5,000 and interest set up by the plaintiffs. On May 27, 1907, under a petition filed by Heckscher and his associates, the referee in bankruptcy recommended the payment of dividends to them on the amounts recovered in the state court. As to this petition and report the court made this order on December 23, 1907:

> "It is ordered that the petitioners above named may file their proof of debt against the bankrupt's estate before the referee in this case for the amount specified in the decree of the law and equity court of the city of Richmond of November 11, 1907, being one of the exhibits filed with their said petition, and by so doing, and the receiving of any dividend properly declared upon their said debt, they shall not be prejudiced in any further proceeding that they may take in connection with the prosecution of an appeal in the Supreme Court of Appeals of Virginia, or before the law and equity court of the city of Richmond, on account of the indebtedness claimed by them to exist against the bankrupt. The declaration of a dividend, however, upon said debt, is hereby withheld until the further order of the court herein. Petitioners having intimated in their said petition a desire to appeal from the order of the law and equity court of the city of Richmond fixing the amount of said indebtedness, as covered by the decree of 11th November, 1907, as well as determining that the same is a debt as to which the discharge in this case will be a bar, and counsel for the bankrupt and general creditors having likewise intimated a desire to appeal from said decree fixing any liability against the bankrupt aforesaid, the court doth order that said appeals be perfected within 60 days from this date; otherwise, this court will not delay its action herein or take further account of the probable outcome of such appeals and the further prosecution of said suit."

No appeal having been perfected within the 60 days, under an order made 17th of June, 1908, without objection from the trustee of the bankrupt, dividends were paid to Heckscher and his associates according to the decree of the state court; but after receiving the payments they perfected their appeal, seeking to have the Supreme Court of Appeals of Virginia modify the judgment of the law and equity court by allowing them their additional claim of $5,000 and interest which that court had rejected. The bankrupt, Blanton, in accordance with the state practice, assigned cross-error, asking the Supreme Court of Ap-

peals to hold that there should have been no recovery against him in favor of Heckscher and others. The Supreme Court of Appeals of Virginia decided all the issues in favor of the bankrupt, and reversed and overruled the judgment entered against him on the faith of which dividends had been paid out of his estate to Heckscher and the other plaintiffs in the action. Relying on the judgment of reversal, the trustee of the bankrupt estate, by petition filed March 3, 1911, asked the referee to reconsider and reject the claims of Heckscher and his associates, and require them to pay back to the trustee the amounts paid to them as dividends, with interest from the date of payment. The referee sustained a demurrer to this petition, and his action was confirmed by the District Court, on the ground that the order of the court above quoted, withholding the dividends, was on the express condition that the appeal should be perfected within 60 days from its date; "otherwise, this court will not delay its action herein or take further account of the probable outcome of such appeal and the prosecution of said suit."

The review of this action of the District Court involves a question of law only since the facts were admitted. The Bankruptcy Act provides that creditors may be required to refund dividends paid to them at any time before the estate is finally settled. Section 57, "c," "k," and "l"; Pirie v. Chicago Title & Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171. None of the parties questions the propriety of the action of the District Court in allowing the litigants to continue their contest in the state courts to a conclusion; and it cannot be doubted that the final judgment of the state court as to the amount and validity of the claim of Heckscher and his associates should be held binding on them as well as on the bankrupt. It follows that, when the trustee asked the District Court to require Heckscher and his associates to refund the money paid to them from the bankrupt estate, they appeared before the court as persons who had received a portion of the bankrupt estate without any legal right to it.

It is insisted, however, on the authority of Deposit Bank v. Board of Councilmen, 191 U. S. 499, 24 Sup. Ct. 154, 48 L. Ed. 276, that the final adjudication by the Supreme Court of Appeals of Virginia could not affect the rights of the parties, since they had been already determined by the order of the District Court. That case cited does not apply, for the reason that in this case the District Court held up the matter on the merits and refused to adjudge in accordance with the judgment of the court of law and equity, but, on the contrary, allowed the parties opportunity to obtain the judgment of the Supreme Court.

The condition upon which that opportunity was allowed was as binding on the claimants as on the bankrupt and the trustee. The claimants, Heckscher and his associates, cannot be allowed to avail themselves of the benefits of the condition that the appeals should be perfected in 60 days without being bound by its restrictions. The order clearly imported the condition that both parties should perfect their appeals within 60 days. Had the claimants perfected their appeal within 60 days, the bankrupt could have objected to the payment of dividends to

them until he could come into the appeal by cross-error and have the entire issue which was before the lower court passed on by the Supreme Court of Appeals; and the federal court could not have hesitated to sustain the objection. The fact that the bankrupt made no objection to the payment of dividends after the expiration of the 60 days is nothing against him on the issue of requiring the dividends to be refunded after the decision of the Supreme Court of Appeals, for he might well have been content to let the matter rest as it was adjudged by the court of law and equity, rather than incur the expense of further litigation. But when the claimants, after receiving the dividends, disregarded the condition of 60 days and took their appeal, they by that act asserted to the bankrupt the invalidity of the condition, and their right to increase his debt to them by appeal, and to set up any increase they could obtain in the bankrupt court. This was a clear challenge to relitigate the matter, waiving the condition as to time prescribed by the federal court. Having thus waived the protection of the time condition and reopened the litigation, it does not lie in the mouths of Heckscher and his associates to say they will not abide the unfavorable result. They cannot be allowed, after they have asserted the invalidity of the 60 days condition as against themselves, to assert that the bankrupt was wholly cut off from having the judgment against him reversed by the Supreme Court of Appeals by reason of the validity of the 60 days condition; nor can they be allowed to hold the dividends paid to them on the faith of their own observance of the condition, after they have put the bankrupt to the expense and pains of meeting their appeal undertaken in disregard of the condition. They must abide the result of the appeal which they themselves instituted.

Reversed.