Conlon v. Gindele et al., 198 Ill. App. 364.

Charles M. Conlon, Defendant in Error, v. Geo. W. Gindele, Executor of the Estate of Emma Gindele, deceased, and Frank C. Conover, Plaintiffs in Error.

## Gen. No. 21,641.

1. INJUNCTION, § 355*—*what constitutes prima facie case in action on bond.* An injunction bond and the decree of the court in the suit in which the injunction bond was given are sufficient to establish primarily plaintiff's right to recover the penalty of such bond and to support a judgment therefor, notwithstanding that a writ of error has been sued out to reverse such decree.

2. JUDGMENT, § 401*—*when decree res adjudicata.* A decree is *res adjudicata* and binds the parties until it is reversed or modified and cannot be collaterally attacked notwithstanding a writ of error may have been sued out.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. APPEAL AND ERROR, § 7*—*when writ of error a new suit.*
The suing out of a writ of error is a new suit and in no way
affects the verities of the decree in that suit.

4. INJUNCTION, § 234*—*who bound by decree in suit in which
bond given.* Defendant in a suit on an injunction bond is as
much bound by the decree in the suit in which the bond is given
as are the parties to that suit.

5. INJUNCTION, § 234*—*when evidence to collaterally attack de-
cree inadmissible.* The exclusion of evidence proffered for the pur-
pose of collaterally attacking a decree of the Circuit Court, *held*
without error in an action on an injunction bond given in the suit
in which such decree was rendered.

6. INJUNCTION, § 234*—*when assessment of damages upon dis-
solution of injunction res judicata in action on bond.* Where
the judgment in an action on an injunction bond conforms to the
amount of damages assessed by the court of chancery on the dis-
solution of the injunction, such assessment is not reviewable by
the trial court.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E.
FRY, Judge, presiding. Heard in this court at the March term, 1916.
Affirmed. Opinion filed March 27, 1916. Rehearing denied April
10, 1916.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for plaintiff
in error.

HARRY A. BIOSSOT, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

The writ of error in this case brings before us for
review a judgment of the Municipal Court for $613.27.
The trial was by the court without a jury.

The action is grounded on an injunction bond. The
bond was conditioned to pay all costs and damages that
shall be awarded against the complainant in suit B-
4519, Circuit Court, in case said injunction was dis-
solved. Plaintiff offered in evidence the injunction
bond, which was received without objection. Against
the objection of defendant a copy of the decree of the
Circuit Court entered in the suit in which the injunc-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

tion bond was given was received in evidence. The objection urged why the decree should not be received in evidence was because it failed to show the evidence upon which the decree was based, and that if the evidence were examined it would be manifest that the decree was erroneous. The decree found that the injunction in which the bond was given was dissolved February 9, 1915, and that the injunction was improvidently granted.

Defendant contended that plaintiff was not entitled to recover any damages in this suit, and in the trial court offered as a defense all the pleadings and the certificate of evidence in the suit in which the injunction bond was given. Upon the objection of plaintiff, defendant's proffered evidence was excluded.

The evidence in the record is sufficient to support the judgment. The injunction bond and the decree of the court in the suit in which the injunction bond was given were all that was necessary to establish primarily plaintiff's right to recover. Notwithstanding it may be the fact that a writ of error had been sued out in an attempt to reverse the decree in evidence, yet that decree could not be collaterally attacked, and until reversed or modified the decree is *res adjudicata* and binds the parties. *Brown v. Schintz*, 203 Ill. 136, and cases there cited.

The suing out of a writ or error is a new suit, and in no way affects the verities of the decree attacked in that suit. Defendant is as much bound by the decree in the suit in which the bond was given as are the parties to that suit, for, as said in *McAllister v. Clark*, 86 Ill. 236: "The misfortune to him is, his contract binds him to abide that decree without being a party to it. His undertaking is that he 'will pay all such costs and damages as shall be awarded against the complainant in case the injunction shall be dissolved.'"

Defendant could not attack collaterally the decree

of the Circuit Court; therefore the exclusion of the evidence proffered for that purpose was without error. *Maloney v. Dewey,* 127 Ill. 395. The judgment conforms to the amount of the damages assessed by the court on the dissolution of the injunction. This assessment of damages was not reviewable by the trial court.

The judgment of the Municipal Court being without error is affirmed.

*Affirmed.*