# CHARLESTON.

## MIKOLA DAMECKI v. JOE BILLS.

### Submitted March 15, 1921.   Decided March 22, 1921.

1. LIS PENDENS—*One Purchasing Pending Action of Detinue is Bound by Judgment Against His Vendor.*

   One who purchases from a party to a pending action of detinue the subject matter involved in the litigation takes it subject to the final disposition of the case, and is bound by the judgment that is entered against the party from whom he derived title. (p. 249).

2. JUDGMENT—*Binding on Privies as Well as Parties; Judgment in Detinue Binding on One Subsequently Purchasing Property.*

   A judgment rendered by a court of competent jurisdiction, after service of process upon the parties to be affected thereby, is conclusive, not only upon those who are actually parties thereto, but also upon all who are in privity with them. (p. 249).

3. DETINUE—*Sheriff's Return Showing Payment of Alternative Value Does Not Prevent Recovery of Property When Plaintiff Refuses to Accept Value.*

In an action of detinue to recover specific property, a sheriff's return on a writ of distringas, showing execution by taking the alternative value of the property, does not preclude a plaintiff who declines to accept such alternative value from obtaining the specific property under another writ subsequently issued. (p. 250).

4. SAME—*Plaintiff Not Required to Accept Alternative Value Until Reasonable Efforts to Obtain Property Have Failed.*

A plaintiff in detinue is entitled to insist on having the specific property, if obtainable, and is not required to accept the alternative value of the property recovered, on a tender made by the sheriff, until reasonable efforts to obtain the specific property have failed; but he cannot have both the property and its alternative value. (p. 250).

Error to Circuit Court, Harrison County.

Action by Mikola Damecki against Joe Bills. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Harvey W. Harmer* and *W. M. Conaway,* for plaintiff in error.

*Clarence B. Sperry,* for defendant in error.

LYNCH, JUDGE:

Mikola Damecki, plaintiff below and in error here, complains of a judgment for defendant in an action of detinue instituted by him to recover possession of a Jersey cow held by the defendant. At the time of the institution of the action, April 3, 1919, plaintiff filed the affidavit and bond required by law as conditions precedent to taking immediate possession of the property claimed, but defendant likewise gave the bond authorized by statute and was permitted to retain the property pending final determination of the case. In addition to the general issue plea, defendant tendered and was permitted to file a special plea setting up the defense of *res adjudicata,* to which plaintiff filed a special replication, followed by defendant's rejoinder. On these pleadings the

case was heard and determined by the court and judgment rendered for the defendant.

The facts set forth by the special plea, replication and rejoinder respecting the issue of *res adjudicata* are these: On October 25, 1917, a year and a half prior to the bringing of the present suit, defendant Bills instituted, before a justice of the peace, an action of detinue against Melvin Monroe to recover possession of the same cow. The trial therein had resulted in a judgment for plaintiff. From that ruling Monroe appealed to the circuit court, and on January 27, 1919, a jury again found for plaintiff Bills, and the court, February 7th, pronounced judgment in the form usual in actions of this character and in accordance with the verdict, to-wit, that the plaintiff recover possession of the property, if recovery thereof can be had, and if the property may not be had, then to recover its value, fixed at $30, and the costs of the action, amounting to $112.75. On the 14th, execution issued, following the alternative form of the judgment, and was placed in the hands of a deputy sheriff for levy. Five days later he returned the execution with the following endorsement: ''The within execution returned with $142.75, principal and costs, the within described property not found; this the 19th day of February, 1919. Robert McClung, deputy for Lloyd D. Griffin, sheriff.'' Upon Bills' refusal to accept the money in lieu of the cow, the officer deposited it with the clerk of the circuit court, where, presumably, it still remains. In the meantime, according to the allegations of the special plea, which are not denied in this respect, plaintiff Damecki ''obtained possession of said property through an alleged purchase thereof subsequent to the institution of said suit of Joe Bills against Melvin Monroe before R. E. Kidd, justice of the peace, and subsequent to the rendition of the judgment in favor of the said Joe Bills by the said justice; and the said purchase, or pretended purchase, was from the said Melvin Monroe * * * or some other person to whom the said Monroe had sold or pretended to have sold said property.'' Having learned that plaintiff was in possession of the cow, Bills caused a second execution to issue March 28th, which

he placed in the hands of R. M. Noon, a constable, but not an officer of the circuit court, who four days later returned the cow to Bills, with the following return: "Executed the within writ on the 1st day of April, 1919, by taking possession of animal, one dark red cow, described in said writ, and delivered the same personally into the possession of Joe Bills, the party described in said writ as entitled thereto;" properly signed. Two days thereafter Damecki instituted the present action.

The facts set forth in the various pleadings respecting the issue of *res adjudicata* are, in our opinion, preclusive of plaintiff's right to maintain this action. They show that sometime after the judgment for Bills was rendered by the justice in the case of Bills against Monroe, the latter, directly or indirectly, sold or otherwise disposed of the cow to plaintiff. The exact date of its disposition, however, does not appear, and therefore we are unable to determine whether it was before or after the judgment of February 7, 1919, rendered by the circuit court on appeal. If prior thereto and while the case was pending, plaintiff Damecki purchased subject to the final determination of the cause, for the common law doctrine of *lis pendens* has been held in this state to apply to actions or suits affecting personal property as well as to those concerning real estate. *Osborn* v. *Glasscock*, 39 W. Va. 749; *Dent* v. *Pickens*, 59 W. Va. 274; *Bank* v. *Columbia Collieries Co.*, 75 W. Va. 309. See also *Rardin* v. *Rardin*, 85 W. Va. 145, for a general discussion of the common law doctrine of *lis pendens*. On the other hand, if the cow was sold and acquired after final judgment in the former detinue action, the determination of its ownership is *res adjudicata* as to him. Claiming, as he does, under and by virtue of Monroe's right, title and interest, he is in privity with him and therefore bound by the adjudication adverse to the former's claim. 2 Black on Judgments (2d Ed.) § 549; 1 Freeman on Judgments (4th Ed.) § 162. See also *Gerber Co.* v. *Thompson*, 84 W. Va. 721.

But, contends plaintiff, because Bills sued out an execution on his former judgment, which the deputy sheriff executed

by collecting the alternative value of the cow, he is bound by such action of the court's officer and agent, though he did not accept the sum so collected, and cannot now claim the specific chattel itself. Is the prevailing party in an action of detinue thus estopped, by what an officer may do, to continue his efforts to locate and recover the specific subject matter of the suit, to which the verdict and judgment entitle him? That there cannot, under the circumstances obtaining in this case, be an affirmative answer to that question seems obvious. Bills promptly declined to accept the alternative value of the cow and apparently used all reasonable means to locate and obtain possession of the animal itself. If the successful litigant be thus deprived of the right to enforce his claim to the specific property awarded him, that affords the unsuccessful claimant too great an opportunity, by way of concealment of the chattel from the levying officer, to compel the former to accept an ascertained cash value, often grossly inadequate compensation, instead of the chattel itself. The action of detinue thus would lose much of its force and value as a proceeding for the recovery of specific property. Of course, a plaintiff cannot have both the property and its value, but he cannot be compelled to accept the latter until he has had reasonable opportunity to enforce his primary right. *Ex parte Vaughan,* 168 Ala. 187; 18 C. J. 1023. The specific chattel may, for various reasons, be of infinitely greater value to the successful claimant than the alternative value placed upon it by court or jury. The opinion in *Ex parte Vaughan,* cited, a case very similar to this, contains the following statement with regard to enforcement of judgments in actions of detinue: "This return of his (sheriff's) however, was not conclusive upon the plaintiff, so as to prevent her from subsequently obtaining the specified property under other appropriate writs to be thereafter issued. Plaintiff was not bound to accept the alternative value in lieu of the specific property, and thereby satisfy her judgment against defendant. * * * The plaintiff is not required in detinue suits to accept the alternative value, if tendered by the defendant or the sheriff. She may decline

it, if offered, and insist upon having the specific property, if it can be obtained, though she cannot, of course, have both. It is not for the defendant or the sheriff to say whether the plaintiff shall have the specific chattel or the alternative value as fixed by the judgment in detinue; but this is a question for the plaintiff to decide.''

It is contended, however, that the alias execution was improperly given for enforcement to one who was not an officer of the circuit court, and therefore that defendant Bills unlawfully obtained possession of the cow in question. However that may be, the animal was before the court in the present case for such disposition as it deemed just and proper in the light of the pleadings. It had full control to award it to one or the other of the contestants, and it matters little how defendant Bills obtained such possession, since he has shown himself to be in fact the owner of the cow and therefore justly entitled to possess it.

For the reasons assigned, we affirm the judgment.

*Affirmed.*