## E. I. DU PONT DE· NEMOURS & CO. v. RICHMOND GUANO CO.

(Circuit Court of Appeals, Fourth Circuit.   March 10, 1924.)

No. 2129.

1. **Judgment ☜682(1), 699(2)—Seller bound by judgment against buyer in suit involving title to the property of which he had notice.**

When a person is responsible over to another, either by operation of law or by contract, and has notice of a suit against the other, and an opportunity to appear and defend, he is not afterward to be regarded as a stranger to the suit, but is bound by the judgment therein whether he appeared or not; and a seller is usually subject to the application of this rule to a suit against the buyer involving title to the property by reason of his express or implied warranty of title.

2. **Judgment ☜682(1)—Matters concluded; rule of mutuality of estoppel is subject to exception.**

Where, in an action to recover property from a purchaser of the same, title was adjudged in the defendant, the judgment is a bar to an action by the same plaintiff against the seller of the property to the first defendant, based on the same claim of ownership, though the second defendant was not a party to the first action.

3. **Judgment ☜580—Pendency of proceedings in error does not prevent pleading of judgment as estoppel.**

It is the rule of the federal courts that a proceeding for review on writ of error, which does not vacate the judgment, does not prevent it from being pleaded and given in evidence as an estoppel on the issues tried and determined.

4. **Appeal and error ☜1108—A judgment, though correct when rendered, will be reversed where it has become erroneous by reason of facts which have supervened.**

Where, pending review by an appellate court of a judgment which correctly sustained a plea of res judicata, the judgment which was the basis of such plea has been reversed by the same appellate court, that court will take cognizance of its own action, and, considering the changes in fact and in law which have supervened, will reverse the judgment, though finding no error. therein.

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; D. Lawrence Grover, Judge.

Action at law by E. I. Du Pont de Nemours & Co., a corporation, against the Richmond Guano Company, owner of the trade-name of, and sometimes doing business as, the Powhatan Chemical Company: Judgment for defendant, and plaintiff brings error.   Reversed.

See, also, 284 Fed. 803.

Edward R. Baird, Jr., of Norfolk, Va., and V. S. Thomas, of Wilmington, Del. (Baird, White & Lanning and R. Clarence Dozier, all of Norfolk, Va., on the brief), for plaintiff in error.

S. S. P. Patteson and C. V. Meredith, both of Richmond, Va. (J. H. Rives, Jr., of Richmond, Va., on the brief), for defendant in error.

Before WOODS and ROSE, Circuit Judges, and SOPER, District Judge.

SOPER, District Judge.   E. I. Du Pont de Nemours & Co., a corporation, brought suit·in the District Court of the United States for the

Eastern District of Virginia, against the Richmond Guano Company to recover the value of certain nitrate of soda stolen from the plaintiff by one W. B. Tredwell, and sold by him to the defendant. A plea of res adjudicata was interposed by the defendant, in which it was set forth that the plaintiff had previously brought suit against the Tomlinson Guano Company in the United States District Court for the Eastern District of North Carolina, for the conversion of the same nitrate which had been sold and delivered by the Richmond Company to the Tomlinson Company at Wilson, N. C.; that as soon as said action was instituted the Tomlinson Company notified the Richmond Company of the pendency of the suit; that the sole question submitted to the jury at the trial of the North Carolina suit was whether the plaintiff had any title to the nitrate, so converted; and that the jury, on said issue, found a verdict against the plaintiff, and in favor of the Tomlinson Company. A demurrer to the plea of res adjudicata and a motion to strike out the plea having been overruled, issue was joined and evidence was taken, whereby it was shown that the nitrate in question was purchased by the Richmond Company from Tredwell, and sold by it to the Tomlinson Company, and the identity of the nitrate, which was the subject-matter of both suits, was established. It was also proved that the Richmond Company had notice of the suit brought by the plaintiff against the Tomlinson Company, but the source from which the notice was received and the contents of the notice were not proved, nor was it shown that the Richmond Company was given an opportunity to appear in the North Carolina suit and defend it. The court took the view that the plea of res adjudicata should be sustained, and judgment was accordingly entered for the defendant, from which action an appeal, by writ of error, was taken to this court.

The plaintiff contends that the plea of res adjudicata was not good for the following reasons: That the Richmond Company was not a party to the action in the North Carolina court, and was not in privity with any party thereto; that a plea of res adjudicata applies only in favor of the subsidiary actor (in this case the Tomlinson Company, the purchaser of the nitrate), and not in favor of the principal actor (in this case, the Richmond Guano Company, the seller of the nitrate); that the plea was not available in this case because the title to the nitrate was acquired by the Richmond Company prior to the North Carolina suit, and finally that such a plea may not be taken advantage of unless the right to avail of it is a mutual one, and that, as the said Richmond Company was not a party to the North Carolina suit, and would not have been bound by a verdict in that case in favor of the plaintiff, it cannot take advantage of the verdict therein actually rendered adverse to the plaintiff.

[1] The relationship between the Richmond Company and the Tomlinson Company, as to the nitrate in question, was that of buyer and seller, and the question suggested is whether, when a suit is brought by a third party against a buyer, involving the title to goods, a judgment therein is binding on the seller. It is obvious that in such a case, the objection that the seller obtained title to the goods before the institution of the suit, is not tenable. The rule that a judgment is not binding, when the title to property is involved, upon one who acquired title be-

fore the institution of the suit, has reference to suits against purchasers of property, and not sellers thereof. It is well settled that when a person is responsible over to another, either by operation of law or by contract, and has notice of a suit against the other, and an opportunity to appear and defend, he is not afterwards to be regarded as a stranger to the action, but is bound by the judgment therein, whether he appeared or not. A seller of chattels is usually subject to the application of this rule to an action against the buyer, by reason of the express or implied warranty of title involved in the sale. 23 Cyc. 1259, 1270, 1272; Maddocks v. Gushee, 120 Me. 247, 113 Atl. 300; Veazie v. Penobscot R. Co., 49 Me. 119; Bank v. Holland, 121 Ga. 305, 48 S. E. 912; Damecki v. Bills, 88 W. Va. 246, 106 S. E. 629; 15 R. C. L. 1020; 2 Black on Judgments, § 572.

The plaintiff contends, however, that there was no warranty of title in the sale in this case, and no sufficient notice to the defendant in the Virginia suit to defend the North Carolina action. There was no express warranty of title, and it is urged that, since the seller was not in possession of the goods at the time of the sale, there was no implied warranty. So far as the somewhat meager record in this case discloses, the seller had at least constructive possession of the goods, which would seem to be sufficient in any event. Moreover, there is much authority for the proposition, notwithstanding decisions to the contrary, that a seller warrants the title to goods sold, whether he is in possession or not. Williston on Sales, § 218. The record is unsatisfactory also as to the notice given the defendant of the North Carolina suit. The source and contents of the notice alike are undisclosed. But, as we view the case, it is not necessary to decide either the question of warranty of title or the question of notice, for reasons which hereafter appear.

[2] In our opinion, the facts of the case bring it within an exception to the general rule that the estoppel of a judgment, to be effective, must be mutual.

"An apparent exception to this rule of mutuality has been held to exist where the liability of the defendant is altogether dependent upon the culpability of one exonerated in a prior suit, upon the same facts, when sued by the same plaintiff. See Portland Gold Mining Co. v. Stratton's Independence, 158 Fed. Rep. 63, where the cases are collected. The unilateral character of the estoppel of an adjudication in such cases is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct suit. The cases in which it has been enforced are cases where the relation between the defendants in the two suits has been that of principal and agent, master and servant, or indemnitor and indemnitee." Bigelow v. Old Dominion Copper Co., 225 U. S. 111, at page 127, 32 Sup. Ct. 641, 642 (56 L. Ed. 1009).

This principle has been applied, not only in negligence cases, where the immediate actor has been held free from blame, but also in cases involving the title to property. See 1 Greenleaf on Evidence (15th Ed.) § 563, where it is said:

"The effect of former recovery has been very much discussed, in the cases where different actions in tort have successively been brought, in regard to the same chattel; as, for example, an action of trover brought after a judgment in trespass. Here, if title to the property was set up by the defendant in the first action, and it was found for him, it is clearly a bar to a sec-

ond action for the same chattel; even though brought against one not a party to the former suit, but an accomplice in the original taking."

In a number of cases referred to in the case of the Portland Gold Mining Co. v. Stratton's Independence, 158 Fed. 63, 85 C. C. A. 393, 16 L. R. A. (N. S.) 677 (cited with approval in Bigelow v. Old Dominion Copper Co., supra), the matter in dispute turned, not upon the negligence of the defendant, but upon the title of the plaintiff to the property in suit, and the same exception to the rule of mutuality of estoppels was recognized. Atkinson v. White, 60 Me. 396; King v. Chase, 15 N. H. 9, 41 Am. Dec. 675; Glaze v. Citizens' Nat. Bank, 116 Ind. 492, 18 N. E. 450.

See, also, 15 R. C. L. 956; Portland Gold Mining Co. v. Stratton's Independence, 158 Fed. 63, 85 C. C. A. 393, 16 L. R. A. (N. S.) 677; American Express Co. v. Des Moines Nat. Bank, 146 Iowa, 448, 123 N. W. 342, 37 L. R. A. (N. S.) 37.

The case at bar clearly comes within the exception. An essential element of the plaintiff's case, whether it was brought against the buyer or the seller of the goods, was title to the property involved. This matter was in no way concerned with or affected by the actions of the party sued. It was one peculiarly within the knowledge of the plaintiff. Having sued the buyer, and having had an opportunity to establish in court the necessary elements of its case, and having failed, there is manifest propriety and no injustice in holding that the plaintiff is thereby concluded from making the same fact the basis of a right to recover from another who is not responsible unless such fact exists. The plaintiff has had its day in court.

[3] An unusual situation has arisen in this case. When it was tried on April 9, 1923, in the Eastern District of Virginia, an appeal on writ of error was pending in this court from the North Carolina judgment. It was suggested, but not seriously contended, that the plea of res adjudicata should have been overruled because of the possibility that the North Carolina judgment might be reversed by this court. But the rule in the federal courts, as well as in many other jurisdictions, is that when a case is removed to an appellate court by writ of error, on appeal, if it is not there tried de novo, but the record made below is simply re-examined and the judgment either reversed or affirmed, such an appeal does not vacate the judgment below or prevent it from being pleaded and given in evidence as an estoppel upon the issues which were tried and determined. Ransom v. City of Pierre, 101 Fed. 665, 41 C. C. A. 585; Railway Co. v. Twombly, 100 U. S. 78, 25 L. Ed. 550; Brown v. Schintz, 203 Ill. 136, 67 N. E. 767; State v. Spratt, 150 Minn. 5, 184 N. W. 31; Paterno Construction Co. v. Rentner (Mun. Ct.) 191 N. Y. Supp. 517; Thompson v. Graham, 246 Pa. 202, 92 Atl. 118; Munn v. Gordon, 87 Kan. 519, 125 Pac. 7; Straus v. American Pub. Assn., 201 Fed. 306, 119 C. C. A. 544; Walz v. Agricultural Ins. Co. (D. C.) 282 Fed. 646; Deposit Bank v. Frankfort, 191 U. S. 499, 24 Sup. Ct. 154, 48 L. Ed. 276; 2 Black on Judgments, § 510; 23 Cyc., 1233, 1234; 3 Corpus Juris, 1252, 1316, 1317.

[4] It accordingly follows that the decision of the lower court was correct in all particulars upon the record before it. The case has been

materially changed, however, by events which have taken place since the trial below. The appeal in the North Carolina case and the appeal in the Virginia case were both argued in this court on November 6, 1923. The judgment in the North Carolina case was reversed by an opinion of this court filed on February 5, 1924 (E. I. Du Pont de Nemours v. Tomlinson, 296 Fed. 634), and it therefore follows that the foundation for the plea of res adjudicata, which was sound in all respects when filed, has now fallen away. Is the court obliged, under the circumstances, to take no notice of its own action because it occurred after the judgment of the trial court?

A precisely similar case is Butler v. Eaton, 141 U. S. 240, 11 Sup. Ct. 985, 35 L. Ed. 713. A receiver of a National Bank brought an action in the Circuit Court of the United States for the District of Massachusetts to recover the amount of an unpaid subscription to stock of the bank. The defendant set up a judgment in her favor in the Massachusetts state court on the same issue as an estoppel, and the circuit court held it to be an estoppel. The case in the state court and the case in the federal court were both appealed to the Supreme Court of the United States· and heard at the same term. The court reversed the judgment of the state court, upon which the plea of res adjudicata was based. Thereafter it considered the appeal of the receiver from the judgment of res adjudicata in the federal court, and held that the plea was good when filed, notwithstanding the pending appeal, and that there was no error on the part of the lower court in sustaining it. The Supreme Court nevertheless decided that, since it had reversed the judgment relied on, the basis of the defense was subverted and rendered null and void. Therefore, taking cognizance of its own action, it reversed the judgment against the receiver, and remanded the case, with directions to enter judgment in his favor. See Ballard v. Searls, 130 U. S. 50, 9 Sup. Ct. 418, 32 L. Ed. 846; Deposit Bank v. Frankfort, 191 U. S. 499, 24 Sup. Ct. 154, 48 L. Ed. 276; Watts v. Unione Austriaca, 248 U. S. 21, 39 Sup. Ct. 1, 63 L. Ed. 100, 3 A. L. R. 323; Nelson v. Hechscher, 219 Fed. 679, 135 C. C. A. 351; Morgan v. Isaac Joseph Iron Co., 243 Fed. 152, 156 C. C. A. 15.

In Deposit Bank v. Frankfort, supra, there was considerable conflict between the decisions of the various courts which passed upon the controversy. The city of Frankfort, Ky., sued the Deposit Bank of Frankfort in the Franklin circuit court for taxes for the years 1893 and 1894. The defense was that the bank was entitled to immunity from municipal taxation by compliance with an act of the state Legislature which created an irrevocable contract with the state, not subject to modification or repeal by subsequent legislation. This defense was sustained by the court, from whose decision an appeal was taken. Pending the appeal, the bank brought an action against the city in the Circuit Court of the United States for the District of Kentucky, to enjoin the city from the collection of taxes for subsequent years, and the court, relying upon the decision of the Franklin circuit court, ruled in favor of the bank, from which decision, an appeal was taken to the Supreme Court of the United States which, by a divided court, upheld the decree. Stone·v. Deposit Bank, 174 U. S. 800, 19 Sup. Ct. 881, 43 L. Ed 1187. After this decision, the appeal from the Franklin circuit court

to the Court of Appeals of Kentucky, in the first case mentioned, was finally reached. The decision of the lower court was reversed, and the case was remanded for a new trial. Upon the new trial, the bank pleaded the decision of the United States Circuit Court, affirmed by the Supreme Court of the United States, as res adjudicata, and judgment was given in its favor, but on appeal to the Court of Appeals of Kentucky, the judgment was reversed and it was held that the defense of res adjudicata was not good. From this decision there was the appeal to the Supreme Court of the United States, reported in 191 U. S. 499, 24 Sup. Ct. 154, 48 L. Ed. 276. The decision of the Kentucky court was reversed on the ground that the prior decision of the federal court, affirmed in 174 U. S. 800, 19 Sup. Ct. 881, 43 L. Ed. 1187, was still outstanding and unreversed, and that, since it was rendered in a case between the same parties, on the same subject-matter, it furnished the basis for a plea of res adjudicata. The court expressly declared that it did not pass on the right of parties to get relief from the original judgment in the federal court by bill of review or other process.

It is true that in this case the foundation on which the first plea of res adjudicata in the federal court was based had been taken away by the subsequent reversal of the decision of the state court by the Court of Appeals of Kentucky, but nevertheless there was still outstanding the decision of the federal court on the same question, which had in no way been modified. The facts therefore present a case quite different from Butler v. Eaton, so that the principles of that decision may properly be applied to the case at bar. Moreover, Butler v. Eaton was cited with approval by the Supreme Court in Watts v. Unione Austriaca, supra, wherein it is said:

"This court, in the exercise of its appellate jurisdiction, has power not only to correct error in the judgment entered below, but to make such disposition of the case as justice may at this time require. * * * And in determining what justice now requires the court must consider the changes in fact and in law which have supervened since the decree was entered below."

It follows that, notwithstanding the correct decision of the trial court in the case at bar, it must be remanded for a new trial. The complication which has arisen in this case was brought about by the insistence of the plaintiff in error upon the trial below. The record shows that the very contingency which has happened was discussed at the trial, and that the judge offered to postpone the case until this court should pass upon the writ of error from the North Corolina judgment, but the plaintiff in error demanded an immediate trial.

The judgment of this court therefore is that the judgment rendered by the District Court of the United States for the Eastern District of Virginia be reversed; that the case be remanded for a new trial, and that the plaintiff in error pay the costs of this writ of error.

Reversed.