**KRAMER et al. v. MORGAN.**

No. 432.

Circuit Court of Appeals, Second Circuit.

July 23, 1936.

Rosendale & Dugan, of Albany, N. Y. (Patrick C. Dugan, of Albany, N. Y., of counsel), for appellant.

Cosgrove, Harter, Scanlon & Wright and Daniel Scanlon, all of Watertown, N. Y., for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal by the defendant from a summary judgment in an action to recover for personal injuries caused in an automobile accident. The defendant was the owner of a motorcar which he allowed his son, Richard, to drive in the state of New York. While so doing, Richard collided with a car in which the plaintiffs were driving, and injured both of them. They sued Richard, and each recovered a judgment, the defendant having notice of the actions, while they were pending. Failing to collect from Richard, the plaintiffs now sue the defendant, and have got summary judgment against him upon the theory that the judgments against Richard are an estoppel here. Section 59 of the Vehicle and Traffic Law of the State of New York (Consol.Laws, c. 71), so far as relevant, reads as follows: "Every owner of a motor vehicle * * * operated upon a public highway shall be liable * * * for * * * injuries to persons or property resulting from negligence in the operation of such motor vehicle * * * by any person * * * using or operating the same with the permission * * * of such owner."

It will be observed that Richard and the defendant were not joint tort-feasors, but that the defendant's liability is imputed; he was in effect Richard's surety and could therefore recover over against him, if compelled to pay the loss. Robbins v. Chicago, 4 Wall. 657, 18 L.Ed. 427; Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712; George A. Fuller Co. v. Otis Elevator Co., 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 422. It is indeed well settled that a judgment against the surety estops the principal, not only when he is vouched in, but also when he merely gets notice of the action. Robbins v. Chicago, supra; Washington Gaslight Co. v. District of Columbia, supra; B. Roth Tool Co. v. New Amsterdam Casualty Co., 161 F. 709 (C.C.A.8); Strathleven

S. S. Co. v. Baulch, 244 F. 412 (C.C.A.4); Washington Exchange Bank v. Holland Co., 121 Ga. 305, 48 S.E. 912; Veazie v. Penobscot R. Co., 49 Me. 119; Heiser v. Hatch, 86 N.Y. 614. The reason is that the principal is bound to indemnify the surety and it is his duty to protect him; he should intervene in the defense of the action, in which event he would of course be bound by the judgment. However, when, as here, it is the principal who is sued, the surety has no such duty. The principal has no recourse over against him, nor does he owe any duty to the creditor except to pay if the creditor pursues him. Not being charged with the defense of the action, he is not bound by the judgment. Drummond v. Executor of Prestman, 12 Wheat. 515, 523, 6 L.Ed. 712 (semble); United States v. American Surety Co., 56 F.(2d) 734, 736 (C.C.A.2) (semble); Arrington v. Porter, 47 Ala. 714; Ex parte Young, L.R.17 Ch.D. 668 (C.A.); Pico v. Webster, 14 Cal. 202, 73 Am.Dec. 647; McConnell v. Poor, 113 Iowa, 133, 84 N.W. 968, 52 L.R.A. 312; Barker v. Wheeler, 60 Neb. 470, 83 N.W. 678, 83 Am.St. Rep. 541; De Grieff v. Wilson, 30 N.J.Eq. 435, 437; Jackson v. Griswold, 4 Hill (N.Y.) 522; Giltinan v. Strong, 64 Pa. 242; P. Ballantine & Sons v. Etta M. Fenn, 84 Vt. 117, 78 A. 713, 40 L.R.A.(N.S.) 698; Larson v. Deering, 97 Wash. 616, 166 P. 1119. The situation has caused more confusion than would seem to have been necessary. It is of course possible for the surety to engage to pay any judgment obtained against the principal; but in that case the judgment does not operate as an estoppel; it is not used as evidence of any fact on which the liability depends, but is itself one of those which constitute it. Again, we note that we are not considering whether the judgment has any prima facie validity as evidence of the principal's liability; that is a vexed question which may or may not arise upon the trial. Lake County v. Massachusetts B. & I. Co., 75 F.(2d) 6 (C.C.A.5), and Moody v. Megee (D.C.) 31 F.(2d) 117, do not fall within either of these exceptions; they appear to us to be outside the generally accepted rule and to fail to observe the difference between a judgment against a surety and one against a principal.

We do not forget that a judgment in favor of the principal will exonerate the surety. Bigelow v. Old Dominion Copper Co., 225 U.S. 111, 127, 32 S.Ct. 641, 56 L. Ed. 1009, Ann.Cas.1913E, 875; Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148; Portland Gold Mining Co. v. Stratton's Independence, 158 F. 63, 16 L.R.A.(N.S.) 677 (C.C.A.8). This may seem anomalous at first blush, for estoppels are ordinarily mutual, but it is not; it does not mean that the surety is ever charged with the outcome of an action against the principal, unless he so agrees. When the principal is exonerated, the surety loses his right of subrogation, for that always presupposes that the surety can collect of the principal in the creditor's right. Anything that extinguishes the debt as between the creditor and the principal will therefore extinguish the claim against the surety, which is never more than security anyway. The anomalous doctrine that the creditor may expressly reserve his right against the surety when he releases the principal does not really contradict this; it presupposes that the surety, having paid, may at once turn upon the principal. Kearsley v. Cole, 16 Mees.& W. 128, 135; Williston on Contracts, § 1230. Properly speaking, it is not an exception to the generality of the doctrine, because in substance it construes the release, not as it reads, but as no more than a covenant not to sue. That may really defeat the substance of the release, but it is a little difficult to read the reservation in any other sense. In any event, the doctrine is not important here.

Judgment reversed; cause remanded for trial.