## Commercial Alliance v. Pickett

*Joseph Serling*, for plaintiff.

*Alexander J. Laffey*, for defendant.

FARRELL, J., for court en banc, July 1, 1943.—Upon petition presented April 16, 1943, this court stayed execution on judgment to the above number and term and granted a rule to show cause why the judgment should not be stricken off.

The reasons assigned in the petition to strike off the judgment are:

(*a*) That said judgment was entered without sufficient affidavit showing that petitioner is not a member of the military forces of the United States.

(*b*) That the defendant exhausted his warrant of attorney by bringing suit on the note before an alderman.

(*c*) That the note on its face is defective in that it does not indicate the amount for which the defendant confesses judgment.

(*d*) That the note as filed shows that no interest shall be collected thereon, whereas judgment was entered for interest from May 2, 1942.

While some of the reasons assigned might call for merely opening the judgment, we think in the main that for most of the reasons assigned the judgment must be stricken off. We are of opinion that the second reason especially calls for the striking off of this judgment.

In Dixon v. Miller, 20 Pa. C. C. 335 (Westmoreland County), plaintiff brought suit before a justice on a judgment note containing a warrant of attorney and recovered judgment. Afterward, judgment was entered in the court of common pleas by virtue of the same warrant of attorney and execution entered thereon. The court held:

"One judgment only can be entered by virtue of a warrant of attorney. After the entry of a judgment

the warrant is functus officio: Martin v. Rex, 6 S. & R. 296. The debt is merged in a security of a higher nature, and the judgment must be pursued, either by bringing an action on it or by issuing testatum execution.

"Livezly v. Pennock, 2 Brown, 321; Adams v. Bush, 5 Watts, 289. . . .

"On a judgment note containing a warrant to confess judgment a judgment can be obtained by action on the note or by virtue of the warrant, but two judgments ·cannot be obtained on the same instrument; otherwise oppression would result.

"The judgment of this court was therefore without authority. In such case the proper practice is to vacate the judgment and set aside execution: Martin v. Rex, supra; Hutchinson v. Ledlie, 36 Pa. 112; Knox v. Flack, 22 Pa. 337."

"A judgment of a justice against a plaintiff, on the merits, from which he appeals to the Common Pleas, and discontinues his suit, is a bar to any other for the same cause of action": Rose v. The Turnpike Company, 3 Watts 46 (syllabus).

In Thompson v. Graham, 246 Pa. 202, 205, Mr. Justice Stewart, citing with approval Rose v. The Turnpike Company, supra, said:

"The whole case is clearly resolved, with respect to every question raised by the assignments, by Rose v. Turnpike Co., 3 Watts, 46, where it is held that a judgment of a justice against the plaintiff on the merits, from which he appeals to the Common Pleas, and discontinues, is a bar to any other for the same cause of action."

In the instant case the plaintiff elected his remedy by bringing his action before the alderman. Therefore, the rule is made absolute. Judgment is stricken off and execution is set aside.